R. Scott Jerger (*pro hac vice*) (Oregon State Bar #02337)
Field & Jerger, LLP
610 SW Alder Street, Suite 910
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276
Email: scott@fieldjerger.com

John C. Gorman (CA State Bar #91515)
Gorman & Miller, P.C.
210 N 4th Street, Suite 200
San Jose, CA 95112
Tel: (408) 297-2222
Fax: (408) 297-2224
Email: jgorman@gormanmiller.com

Attorneys for Defendants
Matthew Katzer and Kamind Associates, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT JACOBSEN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>MATTHEW KATZER, an individual, KAMIND ASSOCIATES, INC., an Oregon corporation dba KAM Industries, and KEVIN RUSSELL, an individual,<br><br>　　　　　Defendants. | Case Number C06-1905-JSW<br><br>Hearing Date: August 11, 2006<br>Hearing Time: 9:00am<br>Place: Ct. 2, Floor 17<br><br>Hon. Jeffrey S. White<br><br>DEFENDANTS MATTHEW KATZER AND KAMIND ASSOCIATES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED [Fed. R. Civ. P. 12(b)(6)], AND FOR LACK OF SUBJECT MATTER JURISDICTION [Fed. R. Civ. P. 12(b)(1)] AND MOTION TO BIFURCATE AND STAY [Fed. R. Civ. P. 42(b)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

NOTICE ................................................................................................................................... 1

MOTION .................................................................................................................................. 1

SUMMARY OF ARGUMENT ................................................................................................ 2

STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 3

STATEMENT OF RELEVANT FACTS ................................................................................. 3

ARGUMENT ............................................................................................................................ 5

    A.  Jacobsen does not have standing to bring Count 4 of the complaint alleging antitrust violations under Section 2 of the Sherman Act. ............................................................... 5

    B.  Count 4 of the complaint for antitrust violations under Section 2 of the Sherman Act fails to state a claim on which relief can be granted. ......................................................... 7

        1.  Dangerous Probability of Achieving Monopoly Power ......................................... 8

        2.  Antitrust Injury ......................................................................................................... 9

    C.  Count 7 of the complaint for libel fails to state a claim on which relief can be granted. 10

    D.  Count 7 of the complaint for libel fails to state a claim against Matthew A. Katzer on which relief can be granted. ............................................................................................. 11

    E.  Count 5 of the complaint and, alternatively, Count 4 of the complaint should be bifurcated and discovery stayed pending resolution of the patent validity claims (Counts 1-3). ............................................................................................................................... 12

    F.  Conclusion. .................................................................................................................. 13

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*American Ad Management, Inc. v. General Tel. Co.*, 190 F.3d 1051 (9th Cir. 1999) ..................... 9

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977) ............................................ 9

*CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068 (W.D. Ky. 1995) .................................... 10, 11

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................................ 7

*Cost Mgmt. Servs. V. Washington Natural Gas Co.*, 99 F.3d 937 (9th Cir. 1996) ...................... 2, 7

*Ellingson Timber Co. v. Great N. Ry. Co.*, 4424 F.2d 497 (9th Cir. 1970) .................................. 12

*FMC Corp. v. Manitowoc Co.*, 835 F.2d 1141 (Fed. Cir. 1987) ........................................... 2, 7, 8

*Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986 (9th Cir. 1979) ...................................................... 7

*Hawai'i v. Standard Oil Co. of California et al.*, 405 U.S. 251 (1972) .......................................... 5

*In re Bristol Bay, Alaska Salmon Fishery Antitrust Litigation*, 530 F. Supp. 36 (W.D. Wa  1981)6

*In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986) ........................................................ 12

*In re Multidistrict Vehicle Air Pollution*, 481 F.2d 122 (9th Cir. 1973) ..................................... 2, 5

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504 (9th Cir. 1989) .......................... 9

*McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) ........................................................ 9

*Parks v. Watson,* 716 F.2d 646 (9th Cir. 1983) .............................................................................. 6

*Prof. Real Estate Investors, Inc. v. Columbia Pictures, Indus., Inc.,* 508 US 49 (1993) ................ 7

*United States v. E.I. Du Pont de Nemours & Co.*, 351 U.S. 377 (1956) ........................................ 7

*Unitherm Food Sys., Inc. v. Swift Eckrich, Inc.*, 375 F.3d 1341, (Fed. Cir. 2004) ......................... 9

*Unitherm Food Sys., Inc. v. Swift Eckrich, Inc.,* 126 S.Ct. 980, 162 L.Ed. 974 (2006) .................. 9

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 US 172 (1965) ......................... 7

## STATE CASES

*Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137 (1995) ................................... 10

*Okun V. Superior Court*, 29 Cal. 3d, 442 (1981) ..................................................................... 2, 11

*Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543 (1985) ................................... 10

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

## FEDERAL STATUTES & RULES

15 U.S.C. § 15 ................................................................................................................................. 5, 6

15 U.S.C. § 2 ............................................................................................................ 2, 3, 4, 5, 6, 7, 8, 12

15 U.S.C. § 26 ................................................................................................................................. 5, 6

Fed. R. Civ. P. 12(b)(1) ................................................................................................................. 3, 6, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 3, 7, 13

Fed. R. Civ. P. 42(b) ......................................................................................................................... 3, 12

## STATE STATUTES

Cal. Civ. Code § 44 .............................................................................................................................. 10

Cal. Civ. Code § 45 .............................................................................................................................. 10

Cal. Civ. Code § 47(b) ..................................................................................................................... 2, 11

California Business and Professions Code § 17200 ........................................................................ 2, 4, 12

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

iii

## NOTICE

To the court and all interested parties, please take notice that a hearing on Defendants Matthew Katzer and Kamind Associates, Inc.'s Motion to Dismiss and Motion to Stay and Bifurcate will be held on August 11, 2006 at 9:00 a.m. in Courtroom 2, Floor 17, of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California.

## MOTION

Defendants Matthew Katzer and Kamind Associates, Inc. ("KAM") move the court for an order dismissing Counts 4 and 7 of plaintiff's complaint; alternatively dismissing Count 7 against Matt Katzer; and bifurcating and staying discovery on Count 5 and, alternatively, bifurcating and staying discovery on Count 4 pending resolution of the patent claims.

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

1

## SUMMARY OF ARGUMENT

Jacobsen's complaint is primarily a request for declaratory relief regarding the enforceability of certain patents held by KAM. The complaint also contains claims alleging antitrust violations, unfair competition, cyber-squatting, and libel.

Jacobsen is a model railroad hobbyist who has never lost customers and has never had any paying customers. Complaint, ¶ 2. As such, Jacobsen does not have standing to bring a Sherman Act §2 antitrust claims because he cannot allege an injury to his "business or property" as that term has been defined in order to determine if a party has standing to bring antitrust claims. *In re Multidistrict Vehicle Air Pollution*, 481 F.2d 122, (9th Cir. 1973).

Additionally, Jacobsen's complaint fails to state a claim for a Sherman Act § 2 violation. In order to state an antitrust claim, a plaintiff must allege, *inter alia*, that KAM and Katzer have a dangerous probability of achieving monopoly power. *Cost Mgmt. Servs. V. Washington Natural Gas Co.*, 99 F.3d 937, 949-950 (9th Cir. 1996). Jacobsen cannot allege facts showing a dangerous probability of success because the only potential for monopoly stated in the complaint is the potential that will be realized if KAM prevails in this patent validity suit. At that point, however, there will be no question of an antitrust violation, because a patent-holder in possession of a valid patent cannot be liable for restraining competition. *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1141, 1418 and n. 16 (Fed. Cir. 1987) .

Jacobsen has failed to state a claim for libel because KAM's FOIA request does not contain a statement of fact and therefore cannot constitute libel. *Okun V. Superior Court*, 29 Cal. 3d, 442, 450 (1981). Additionally, the FOIA request is a privileged statement made in connection with an official proceeding. Cal. Civ. Code § 47(b).

Finally, Count 4 (the Sherman Act claim), alternatively, and Count 5 (the California Unfair Competition claim ) should be bifurcated and stayed pending resolution of the patent infringement claims to reduce complexity and serve judicial economy.

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Jacobsen has standing to bring an antitrust claim under Section 2 of the Sherman Act, 15 U.S.C. § 2?  Fed. R. Civ. P. 12(b)(1)

2. Whether Count 4 of the complaint states a claim on which relief can be granted?  Fed. R. Civ. P. 12(b)(6)

3. Whether Count 7 of the complaint states a claim on which relief can be granted?  Fed. R. Civ. P. 12(b)(6)

4. Whether Count 7 states a claim on which relief can be granted against Matt Katzer, individually? Fed. R. Civ. P. 12(b)(6)

5. Whether Counts 4 and 5 should be bifurcated and discovery stayed pending resolution of the patent claims?  Fed. R. Civ. P. 42(b)

**STATEMENT OF RELEVANT FACTS**

For purposes of this motion only, KAM and Katzer assume the following allegations are true.

Jacobsen works for the Lawrence Berkeley National Laboratory of the University of California and teaches physics at the University.  Complaint, ¶ 2.  Jacobsen is a model train hobbyist who helps develop open source software code called JMRI (Java Model Railroad Interface) that distributes the software free of charge.  Complaint, ¶ 2.  KAM is an Oregon corporation and Katzer is its principal.  Complaint, ¶¶ 3-4.  Katzer obtained patents for competing software products similar to the JMRI product and, as to some of the patented products, KAM's function the same as the software products provided for free by JMRI.  Complaint, ¶¶ 3-4.  Jacobsen alleges that Katzer failed to disclose prior art to the Patent Office in obtaining some of the patents and that said patents are thereby unenforceable.  Complaint, ¶¶ 11-38.

The Complaint contains seven counts against KAM and/or Katzer.  This motion and memorandum addresses Count 4 (Sherman Act § 2 Antitrust claim), Count 5 (California Unfair

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

3

Competition Claim pursuant to California Business and Professions Code § 17200 *et seq*.) and Count 7 (California libel).

Count 4 of the complaint against all defendants alleges that KAM has market power and that its attempts to enforce its patent amount to an attempted monopolization under § 2 of the Sherman Act, 15 U.S.C. § 2. Complaint, ¶¶ 85-94. Jacobsen alleges that there is a dangerous probability that KAM and Katzer will succeed in obtaining monopoly power. Complaint, ¶ 92. Jacobsen also asserts that if the patents are found to be valid and enforceable, the patents would dominate the relevant market. Complaint, ¶ 87. Conversely, Jacobsen asserts that the patents were fraudulently procured and are thus invalid. Complaint, ¶ 89. Jacobsen alleges that he had to take time off work to address the threats from KAM and Katzer and that this has resulted in lost income. Complaint, ¶ 93. The JMRI project software is still available for download for free by hobbyists. Complaint, ¶ 88.

Count 5 of the complaint against all defendants alleges that KAM and Katzer have engaged in unlawful, unfair and/or fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200 et seq. by virtue of all of the allegations in the complaint, including attempted monopolization under § 2 of the Sherman Act, 15 U.S.C. § 2. Complaint, ¶ 96.

Count 7 of the complaint against all defendants alleges that KAM and Katzer committed libel by falsely accusing Jacobsen of patent infringement and seeking documents related to the JMRI project in the FOIA request. Complaint, ¶ 107. The FOIA request embarrassed Jacobsen and caused a loss of income due to time spent explaining the request to his employer. Complaint, ¶ 113.

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

4

# ARGUMENT

## A. Jacobsen does not have standing to bring Count 4 of the complaint alleging antitrust violations under Section 2 of the Sherman Act.

Jacobsen alleges that both KAM and Katzer have violated § 2 of the Sherman Act. Standing to bring a Sherman Act antitrust claim is conferred by sections 4 and 16 of the Clayton Act. 15 U.S.C. §§ 15, 26. *See e.g., In re Multidistrict Vehicle Air Pollution*, 481 F.2d 122 (9th Cir. 1973). Section 4 of the Clayton Act states:

> Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue…and shall recover threefold damages by him sustained, and the cost of suit, including a reasonable attorney's fee. 15 U.S.C. § 15.

Section 16 of the Clayton Act states:

> Any person…shall be entitled to sue for and have injunctive relief…against threatened loss or damage by a violation of the antitrust laws. 15 U.S.C. § 26.

Jacobsen requests both treble damages and injunctive relief for alleged violations of the Sherman Act. Complaint, Prayer ¶¶ J, N.

Jacobsen, however, is a model railroad hobbyist who has not lost customers and has never had any paying customers. Complaint, ¶ 2. As such, Jacobsen has not experienced an injury to "business or property" as those terms are used in § 4 of the Clayton Act. To attain standing under the antitrust laws, a plaintiff "must allege injury to his 'business or property', a term definitively limited to interests in commercial ventures or enterprises." *In re Multidistrict Vehicle Air Pollution*, 481 F.2d 122, 126 (9th Cir. 1973) *citing Hawai'i v. Standard Oil Co. of California et al.,* 405 U.S. 251, 264(1972).

Jacobsen alleges that he "works for the Lawrence Berkeley National Laboratory of the University of California and teaches physics at the university." Complaint, ¶ 2. Jacobsen further alleges that he had to take time off work to address the threats from KAM and Katzer and that this has resulted in lost income. Complaint, ¶ 93. To the extent that Jacobsen's alleged "lost income" in the form of wages from the University of California could constitute a commercial

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

activity (a rather dubious proposition at best), this alleged loss could, in no way, have been suffered "by reason of" any alleged antitrust violation. The Ninth Circuit has adopted the "target area" test to interpret the "by reason of" requirement for standing under §4 of the Clayton Act. *In re Bristol Bay, Alaska Salmon Fishery Antitrust Litigation*, 530 F. Supp. 36, 40. (W.D. Wa 1981) and cited cases. The target area within which a defendant is responsible for an antitrust violation is that area of the economy which is affected by the breakdown in competition (i.e. the model train software market). *Id.* A defendant's liability does not extend "to every ripple that flows from his unlawful act…[but rather] is limited to a specific market that the defendant has disrupted." *Id.* Any loss of wages that Jacobsen has allegedly suffered did not occur in the model train software market where competition has been allegedly restrained, but rather in the field of academia. Therefore, Jacobsen does not have standing to pursue these alleged losses. Jacobsen's claim for treble damages for lost income and attorney fees which is grounded on § 4 of the Clayton Act, 15 U.S.C. § 15, should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Likewise, Jacobsen has not alleged any "loss or damage" to interests that would convey standing to him under § 16 of the Clayton Act. To demonstrate standing under § 16, a plaintiff must allege a threatened loss or injury proximately resulting from the alleged antitrust violation. *Parks v. Watson,* 716 F.2d 646, 662 (9th Cir. 1983). Neither the JMRI project or Jacobsen has suffered a loss under § 16 of the Clayton Act since the JMRI software is available for free. Any lost wages allegedly suffered by Jacobsen in his capacity as an employee of the Lawrence Berkeley Laboratory of the University of California are not proximately related to the alleged antitrust activity by KAM and Katzer and therefore Jacobsen's claim for injunctive relief under § 2 of the Sherman Act grounded on § 16 of the Clayton Act should be dismissed.

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

6

**B. Count 4 of the complaint for antitrust violations under Section 2 of the Sherman Act fails to state a claim on which relief can be granted.**

A court should dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim where it appears that a plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Because the Jacobsen can prove no set facts to support Jacobsen's antitrust claim under Sherman Act § 2, the court should dismiss Count 4 of Jacobsen's complaint.

The Sherman Act prohibits monopolization and attempted monopolization. Monopoly power is the power to control prices or exclude competition." *United States v. E.I. Du Pont de Nemours & Co.*, 351 U.S. 377, 391 (1956). Jacobsen alleges that Katzer and KAM have market power and are attempting to gain monopoly power of the train systems control market. Complaint ¶¶ 87, 91. To state a claim for attempted monopolization, Jacobsen must allege facts demonstrating (1) specific intent to control prices or destroy competition, (2) predatory or anticompetitive conduct to establish the attempted monopolization; (3) a dangerous probability of success, and (4) causal antitrust injury. *Cost Mgmt. Servs. V. Washington Natural Gas Co.*, 99 F.3d 937, 949-950 (9th Cir. 1996). In general, the procurement of a patent does not constitute an antitrust violation. *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1418 and n. 16 (Fed. Cir. 1987. There are two exceptions to this general rule. A plaintiff may assert an antitrust claim if he can show that either (1) the patent was procured by fraud on the patent office, *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 US 172, (1965) or (2) that the patent holder is enforcing the patent in bad faith, *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 993 (9th Cir. 1979). A plaintiff must establish that either or both of these exceptions exist in addition to all of the other necessary elements of an antitrust claim. *Prof. Real Estate Investors, Inc. v. Columbia Pictures, Indus., Inc.*, 508 US 49, 60 (1993). Count 4 fails to plead the elements of a Sherman Act § 2 antitrust violation because the complaint fails to allege that (1) KAM has a dangerous

probability of achieving monopoly power, and (2) Plaintiff has suffered any causal antitrust injury.

        1.   <u>Dangerous Probability of Achieving Monopoly Power.</u>

Jacobsen does not allege that KAM currently has monopoly power. Jacobsen alleges that KAM and Katzer have market power (Complaint at ¶ 87) and that KAM and Katzer are attempting to succeed in obtaining monopoly power. Jacobsen alleges that there is a dangerous probability that KAM and Katzer will succeed in obtaining monopoly power. Complaint, ¶ 92. Jacobsen also asserts that, on the one hand, if the patents are found to be valid and enforceable, the patents would dominate the relevant market. Complaint, ¶ 87. On the other hand, Jacobsen asserts that the patents were fraudulently procured and are thus invalid. Complaint, ¶ 89. In other words, KAM and Katzer will achieve monopoly power if, and only if, patents are valid. If KAM and Katzer prevail in this suit challenging the validity of the '329 patent, that will necessitate a finding that KAM's patents are enforceable and its share of the relevant market will then be irrelevant.

Jacobsen, quite simply has failed to allege facts showing a dangerous probability of success because the only potential for monopoly stated in the complaint is the potential that will be realized if KAM and Katzer prevail in this suit challenging the validity of the '329 patent. At that point, however, there will be no question of antitrust, because a patent-holder in possession of a valid patent cannot be liable for restraining competition. *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1141, 1418 and n. 16 (Fed. Cir. 1987). KAM and Katzer, under no set of facts, could be liable for an antitrust violation under the Sherman Act as KAM and Katzer will only succeed in achieving monopoly power if this Court finds that KAM's patents are valid. If that is the case, however, KAM and Katzer, as valid patentees, cannot be liable for an antitrust violation. Count 4, therefore, fails to state a claim under § 2 of the Sherman Antitrust Act because the complaint fails to allege that KAM and Katzer have a dangerous probability of achieving monopoly power and therefore Count 4 should be dismissed without leave to amend.

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

2. <u>Antitrust Injury.</u>

Antitrust injury is not just any injury flowing from an anti-trust violation, but rather more restrictively is an "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). A plaintiff must prove four elements to show an antitrust injury: (1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent. *American Ad Management, Inc. v. General Tel. Co.*, 190 F.3d 1051, 1055 (9th Cir. 1999) *(citing Brunswick Corp.* 429 U.S. at 489).

Count 4 fails to allege any facts demonstrating antitrust injury. Jacobsen asserts that he lost income as a result of having to take time of work to "address the threats." Complaint at ¶ 93. However, Jacobsen must allege more than a purely economic injury that has no effect on competition in the relevant market. *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 508 (9th Cir. 1989). Jacobsen must allege that KAM's behavior directly damaged Jacobsen's business and also *stifled competition* in the market. *Unitherm Food Sys., Inc. v. Swift Eckrich, Inc.*, 375 F.3d 1341, 1361 (Fed. Cir. 2004) (emphasis added), *rev'd on other grounds* by *Unitherm Food Sys., Inc. v. Swift Eckrich, Inc.,* 126 S.Ct. 980, 162 L.Ed. 974 (2006). An antitrust injury is an injury to the market or to competition in general, not merely injury to individuals or individual firms. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 812 (9th Cir. 1988). Jacobsen's alleged loss of work income is not an injury that affects the relevant market and is therefore not an injury of the type the antitrust laws were intended to prevent.

Jacobsen has failed to allege any activity by KAM that has stifled competition in the marketplace and has caused an antitrust injury to Jacobsen. By his own admission, the JMRI project software is still available for download for free by hobbyists. Complaint, ¶ 88. Even assuming, for the sake of argument, that KAM has stifled JMRI's status in the marketplace, JMRI is not a plaintiff in this lawsuit.

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

Likewise, any other allegations of alleged attempts to stifle other model software competitors of KAM in the marketplace such as the alleged "enforcement tactics" against Mr. Friewald, Dr. Tanner and Mr. Butcher (Complaint at ¶¶45-48, 90) are not properly brought by Jacobsen because this alleged antitrust conduct has not credibly injured Jacobsen. Count 4 fails to allege antitrust injury and thus should be dismissed without leave to amend.

## C. Count 7 of the complaint for libel fails to state a claim on which relief can be granted.

As discussed in detail in KAM and Katzer's Memorandum of Points and Authorities in support of their Special Motion to Strike, KAM's Freedom of Information Act ("FOIA") request does not constitute libel. Under California law, libel is "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. Because libel is a species of defamation, a statement is not libelous unless the statement is defamatory. Cal. Civ. Code § 44. Defamatory statements "cast aspersions upon the plaintiff directly or by imputation fairly implied * * * [and] call into question the plaintiff's honesty, integrity or competence or reasonably imply any reprehensible personal characteristic." *Polygram Records, Inc. v. Superior Court*, 170 Cal. App. 3d 543, 550 (1985). Whether a statement is defamatory is a question of law for the court. *Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137, 1153 (1995).

By its terms, the FOIA request does not contain any statements of fact that call into question Jacobsen's honesty, integrity, competence or character. The FOIA request does state that the JMRI project is infringing on KAM's patents, however the mere claim of patent infringement is not defamatory. *CMI, Inc. v. Intoximeters, Inc.*, 918 F. Supp. 1068, 1084 (W.D. Ky. 1995) ("The statement by one party that another is infringing does not carry an intrinsic moral or business turpitude. For instance, it is not the same as calling one a liar, bankrupt or

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

10

untrustworthy"). An essential element of libel is that the publication in question must contain a false *statement of fact*. *Okun v. Superior Court*, 29 Cal. 3d, 442, 450 (1981). Reasonable people can differ as to whether a patent is being infringed. *CMI, Inc.,* 918 F. Supp. at 1084 . Here, the FOIA request contains no statement of fact at all, rather it is a request for information authorized by and made pursuant to federal law. To the extent that the FOIA request contains any statements other than information request, it only contains the legal opinion that the JMRI project is infringing on KAM's patents, not statements of fact. Because the FOIA request does not contain any defamatory statements exposing Jacobsen to hatred, contempt, ridicule, or obloquy, causing Jacobsen to be shunned or avoided, or having a tendency to injure Jacobsen in his occupation, the FOIA request cannot be the basis for a libel claim.

Additionally, the FOIA request is absolutely privileged by virtue of the litigation privilege codified in California Civil Code section 47(b) . Under section 47(b) , the statements in the FOIA request should be viewed as privileged communications made in a "judicial proceeding" or, alternatively, communications made in an "official proceeding authorized by law." This litigation privilege as it applies to KAM's FOIA request is discussed at length in KAM and Katzer's Memorandum of Points and Authorities in Support of the anti-SLAPP special motion to strike previously filed with this Court (Docket # 29). The undersigned respectfully refers this Court to said briefing instead of repeating those arguments here. Based on the above, Count 7 of the complaint should be dismissed for failure to state the elements of libel and should be dismissed without leave to amend, for failure to state the elements of libel.

**D. Count 7 of the complaint for libel fails to state a claim against Matthew A. Katzer on which relief can be granted.**

Alternatively, Count 7 fails to state a claim against Katzer. The libel claim, which is based entirely on the FOIA request to the DOE, discussed in detail in KAM and Katzer's anti-SLAPP Motion to Strike, was explicitly sent "on behalf of KAM" and does not mention Katzer. *See* Exhibit 1 attached to Declaration of Matthew A. Katzer in support of special Motion to

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

11

Strike.[1] Count 7 fails to state a claim against Katzer and should be dismissed as against Katzer without leave to amend.

### E. Count 5 of the complaint and, alternatively, Count 4 of the complaint should be bifurcated and discovery stayed pending resolution of the patent validity claims (Counts 1-3).

Federal Rule of Civil Procedure 42(b) allows a court to order a separate trial for claims or issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." *See also Ellingson Timber Co. v. Great N. Ry. Co.*, 4424 F.2d 497, 499 (9th Cir. 1970) ("One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues"). Staying Jacobsen's antitrust and unfair competition claims pending resolution of the validity of KAM's patents will serve judicial economy and avoid confusion of the issues and will not prejudice Jacobsen.

It is common practice in federal court to stay antitrust claims joined in a patent validity suit until after trial of patent invalidity issues. *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). This is because, as in this case, the Sherman Act §2 antitrust claim and California Unfair Competition claim under Business and Professions Code § 17200, depend on the resolution of the underlying patent claims. Bifurcating this case will decrease complexity, avoid the prejudice of delay caused by the need to develop the record on the antitrust and related California Unfair Competition Act claims, avoid confusion of the issues (confusion of the jury caused by mixing antitrust and patent claims in the same trial), will serve judicial economy by resolving certain threshold issues raised by the Sherman Act antitrust and California Unfair Competition Act claims, without causing prejudice Jacobsen. Additionally, many issues will

---

[1] As a document that is referred to extensively in the Complaint and forms the basis of Jacobsen's claim, the FOIA request is properly considered in a 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (1987); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

12

likely be mooted by addressing the patent claims first.   Therefore, Count 5 of the Complaint (and Count 4 should this Court decide not to dismiss Count 4 pursuant to Fed. R. Civ. P. 12(b)(1) or (6) should be bifurcated and discovery on these counterclaims should be stayed, pending, at least, resolution of any patent claims on summary judgment.

### F. Conclusion.

Based on the above, this Court should grant KAM and Katzer's motion to dismiss Counts 4 and 7 of Jacobsen's complaint and should bifurcate and stay discovery on Count 5 pending resolution of the patent validity claims.

Dated June 1, 2006.

/s/
R. Scott Jerger (*pro hac vice*)
Field & Jerger, LLP
610 SW Alder Street, Suite 910
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276
Email: scott@fieldjerger.com

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support

13

I certify that on June 1, 2006, I served Matthew Katzer's and KAM's Motion to Dismiss and Supporting Memorandum on the following parties through their attorneys via the Court's ECF filing system:

| | |
|---|---|
| Victoria K. Hall | David M. Zeff |
| Law Office of Victoria K. Hall | Law Office of David M. Zeff |
| 401 N. Washington Street, Suite 550 | 1388 Sutter Street, Suite 820 |
| Rockville, MD 20850 | San Francisco, CA 94109 |

                                             /s/
                                   R. Scott Jerger (*pro hac vice*)
                                   Field & Jerger, LLP

Case Number C 06 1905 JSW
Defendants' Motion to Dismiss for Failure to State a Claim and for lack of Subject Matter Jurisdiction and Motion to Bifurcate and Stay and Memorandum in Support