IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN,

    Plaintiff,

    v.

MATTHEW KATZER, KAMIND ASSOCIATES, INC. and KEVIN RUSSELL,

    Defendants.

No. C 06-01905 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 11, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendants Matthew Katzer and Kamind Associates, Inc.'s motion to dismiss count 4 for lack of standing and for failure to state a claim upon which relief can be granted. The Court **tentatively GRANTS** Defendants Matthew Katzer and

Kamind Associates, Inc.'s motion to dismiss count 7 for failure to state a claim upon which relief can be granted. The Court **tentatively GRANTS** Defendant Kevin Russell's motion to dismiss for failure to state a claim upon which relief can be granted. The Court **tentatively RESERVES** ruling on Defendants' special motions to strike and **DENIES** Plaintiff's administrative motion to amend the memoranda in opposition.

The parties shall have 35 minutes to address the following questions:

**Defendants Matthew Katzer and Kamind Associates, Inc.'s Motion to Dismiss**

1. In the separate case management statements submitted by the parties, Plaintiff indicates his intention to file an amended complaint. The filing of an amendment would have mooted the currently pending motions to dismiss and perhaps avoid the unnecessary duplication of another round of motions to dismiss. On what grounds does Plaintiff propose to amend his complaint?

2. The Ninth Circuit has summarized the factors relevant to a finding of antitrust standing as follows: "(1) the nature of the plaintiff's alleged injury; that is, whether it was the type the antitrust laws were intended to forestall; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity of apportioning damages." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 987 (9th Cir. 2000) (quoting *American Ad Mgmt. v. General Tel. Co.*, 190 F.3d 1051, 1054-55 (9th Cir. 1999)). Plaintiff alleges he suffered injury by being "forced to divert time from other activities which would have provided him with income, so that he could investigate and reject [Defendants'] scheme." (Opp. Br. at 6.) On what basis does Plaintiff contend that he suffered an injury that the antitrust laws were intended to forestall? On what basis does Plaintiff allege such injury was directly or proximately related to the alleged misconduct? What injury has Plaintiff suffered in the relevant market?

3. Defendants Matthew Katzer and Kamind Associates, Inc., in their motion to dismiss count 4 for failure to state a claim upon which relief can be granted, contend that if found to be a valid patent-holder, Defendant cannot be held liable for restraining competition and there is no possibility of achieving monopoly power if the Court finds the patent not to be valid. Do Defendants therefore contend there is no set of facts upon which Plaintiff could make out an attempted monopolization claim?

4. How does Kamind Associates, Inc.'s Freedom of Information Act request constitute a statement of fact that is false, unprivileged, and has a tendency to injure? What California authority does Plaintiff have for the proposition that an allegation of patent infringement may be the basis for a claim of libel?

5. Should the Court find that Plaintiff has failed to make out a claim for libel based on the facts currently pled in the complaint, if the Court were to grant leave to amend, what additional facts could Plaintiff allege to establish a claim for libel? Should the Court find that Plaintiff has failed to make out a claim for libel as a matter of law, must the Court reach the special motions to strike under California Code of Civil Procedure § 425.16?

6. Do the parties have anything further they wish to address?

2

**Defendant Kevin Russell's Motion to Dismiss**

1. What conduct, as currently alleged in the complaint, indicates that Defendant Russell had an independent legal duty to Plaintiff or that Russell's acts went beyond the performance of a professional duty to serve his client and involved a conspiracy to violate a legal duty in furtherance of his own financial gain? On what basis does Plaintiff contend that California Civil Code § 1714.10 does not apply to count 5?

2. On what theory does Plaintiff assert that Defendant Russell has violated California Civil Code § 1716? How do the invoices for royalties or license fees constitute an unlawful solicitations for orders? Is Plaintiff's theory that liability under California Civil Code § 1716 somehow creates an independent legal duty to Plaintiff, thereby excluding him from the constraints of California Civil Code § 1714.10?

3. The allegations in the complaint regarding Defendant Russell's conduct purportedly aimed at California all involve Russell's acts on behalf of his client. What facts as alleged in the complaint tend indicate that this Court has personal jurisdiction over Russell independently? What specific and limited jurisdictional discovery would Plaintiff request if granted leave?

4. Do the partes have anything further they wish to address?

**Defendants' Special Motions to Strike**

1. The litigation privilege applies to communications intended to redress grievances or to prompt an administrative agency charged with enforcing the law to investigate or remedy a wrongdoing. *Hagberg v. California Federal Bank*, 32 Cal. 4th 350, 362 (2004). How does the sending of a Freedom of Information Act request to the Department of Energy constitute such a communication? Does the petitioning activity merely require the "seeking of administrative action" to trigger the protections of § 425.16 under *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999)?

2. Activities in preparation of litigation made in good faith are protected under California Civil Procedure Code § 425.16. On what basis does Plaintiff contend that litigation was not imminent when he states that he and that "Defendants' conduct has put [him] in reasonable and serious apprehension of imminent suit for infringement of the '329 patent" and "never knew if, one day, he would be served with a complaint"? (*See* Complaint at ¶ 6; Opp. Br. to Katzer/Kamind motion to dismiss for failure to state a claim at 14.) Plaintiff's statement that such a lawsuit would not be made in good faith is conclusory and unsupported. Why should the litigation privilege not apply to the FOIA request and fall under the protection of § 425.16?

3. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: August 10, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3