IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN,

    Plaintiff,

v.

MATTHEW KATZER and KAMIND ASSOCIATES, INC.,

    Defendants.

No. C 06-01905 JSW

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING MOTION FOR STAY; AND, DENYING REQUEST FOR CLARIFICATION**

Now before the Court is the motion for leave to file a motion for reconsideration, a motion for stay and a request for clarification filed by Plaintiff Robert Jacobsen.[1] Plaintiff requests reconsideration of the Court order issued on October 20, 2006 granting the motions by defendants to dismiss for failure to state a claim upon which relief can be granted and special motions to strike. Having carefully reviewed Plaintiff's papers and considered the relevant legal authority, and good cause appearing, the Court hereby DENIES Plaintiff's motion for leave to file a motion for reconsideration; DENIES Plaintiff's motion for a stay; and, DENIES Plaintiff's request for clarification.

**A.    Motion for Reconsideration.**

A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest

---

[1] Although Plaintiff initially moved the Court for reconsideration without filing a motion for leave to file such a motion, because Plaintiff has apparently re-filed the motion properly, the Court will overlook the initial filing. Civil L.R. 7-9(a).

failure by the Court to consider material facts or dispositive legal arguments presented before entry of the order. Civ. L.R. 7-9(b)(1)-(3). In addition, the moving party may not reargue any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c).

Although unclear from Plaintiff's filing, Plaintiff ostensibly moves for reconsideration for the Court to consider dispositive legal arguments that it failed to consider initially. Plaintiff contends that the Court failed to consider that in order to merit the protection of California Code of Civil Procedure § 425.16, Defendants must show that their pre-litigation activity, *i.e.,* the filing of the Freedom of Information Act request, was made in serious and good faith contemplation of litigation. (Motion at 2.) Plaintiff also contends that he suffered antitrust damages in the amount of $203,000 in licensing fees, and that he should succeed on a libel per quod theory raised at the oral argument on Defendants' motions. The Court considered the arguments now raised when considering Plaintiff's oppositions to the motions to dismiss and special motions to strike and found them unpersuasive. It finds them similarly unpersuasive in the context of the motion to reconsider. In addition, Plaintiff may not move for reconsideration on the basis of any written or oral argument previously asserted to the Court. Civ. L.R. 7-9(c). Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

**B. Motion to Stay.**

Plaintiff requests a "stay of execution" of the Court's order until the Court conducts a claim construction. Plaintiff argues that he will be able, by virtue of the strength of his arguments in this litigation, to demonstrate the merits of his claims and the lack of merit of Defendants' purportedly anticipated claims. The Court does not deem it necessary to stay its ruling simply because Plaintiff believes he will ultimately prevail and that Defendants' substantive contentions will ultimately not prevail. The presumption binding this Court, unless demonstrated otherwise by clear and convincing evidence, is that having survived a full patent examination process, including all potential invalidity challenges, the patents at issue are entitled to a presumption of validity pursuant to 35 U.S.C. § 282. *See, e.g., Abbott Lab. v. Geneva Pharm., Inc.*, 182 F.3d 1315 (Fed Cir. 1999). There is no indication in the current

record that such an allegedly anticipated infringement lawsuit would have been objectively meritless such that no reasonable litigant could expect success on the merits.

There is no indication in the record before the Court that Defendants acted in bad faith when asserting that they sent the Freedom of Information Act request in anticipation of litigation. There is no indication from the record that the anticipated litigation was contemplated in bad faith. (*See* Declaration of Matthew Katzer in support of special motion to strike, ¶ 7.) Plaintiff's belief that he will ultimately prevail in this lawsuit does not change either the presumption of the patents' validity or the Defendants' stated good faith belief in anticipating possible infringement litigation against Plaintiff or his affiliates. Therefore, Plaintiff's motion to stay the effect of the Court's ruling is DENIED. Due to the delay in Plaintiff's filing of the motion for reconsideration and the late hour, the Court HEREBY extends the deadline for payment of attorney's fees until Wednesday, November 1, 2006.

### C. Request for Clarification.

Plaintiff requests that the Court provide a clarification of its ruling and "seeks the Court's views on whether the anti-SLAPP ruling constitutes a finding of fact or conclusion of law that affects the inequitable conduct claim." (Motion at 5.) The inequitable conduct claim was not before the Court when it ruled on Defendants' motions to dismiss and special motions to strike. The Court refuses to give an advisory opinion on the effect of its ruling on Plaintiff's remaining claims. Therefore, Plaintiff's request for clarification is DENIED.

**IT IS SO ORDERED.**

Dated: October 30, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3