IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACOBSEN, | |
| Plaintiff, | No. C 06-01905 JSW |
| v. | |
| MATTHEW KATZER and KAMIND ASSOCIATES, INC., | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 15, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss and **RESERVES** ruling on Plaintiff's motion for preliminary injunction.

The parties shall have 25 minutes to address the following questions:

**General Questions**

1.  The Court is faced with the issue of determining the legal status created by JMRI's open source materials, free and available on the internet, but ostensibly limited by conditions of use.

    a.  In light of the fact that JMRI imposed conditions on the use of their free software, does this create a nonexclusive license?

    b.  If so, is the essence of such a nonexclusive license the promise not to sue for copyright infringement? (*See In re CFLC, Inc.*, 89 F.3d 673, 677 (9th Cir. 1996).) Do Defendants thus contend that Plaintiff can only sue for breach of contract?

    c.  However, why are Defendants not potentially liable for copyright infringement where Plaintiff claims that Defendants' use of the material exceeded the scope of the license? (*See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989); *see also Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) (holding that copyright owner waives his right to sue in copyright for conduct only within the scope of the license).)

    d.  In the absence of a license, what authority governs Defendants' alleged use of the materials?

2.  Is there any authority in the copyright context on the issue of accessibility to and licensing of open source materials from groups who make information available for free on the internet? Is this situation akin to the analysis of naked licenses in the trademark context? (*See, e.g., Barcamerica International v. Tyfield Importers, Inc.*, 289 F.3d 589, 598-99 (9th Cir. 2002).)

**Defendants Matthew Katzer and Kamind Associates, Inc.'s Motion to Dismiss**

1.  Is the Court correct in its assessment that Plaintiff's claim for unjust enrichment is based, at least in part, on Defendants' alleged tax benefit which qualifies as an additional element and thus saves the claim from federal copyright preemption? If so, how would Plaintiff have been entitled to such a tax advantage himself considering he offered the disputed product for free? (*See, e.g., Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996) (elements for a claim of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another).)

2.  How can this Court invalidate a settlement agreement reached in another court proceeding or adjudicate the rights of a party to that agreement who is not a party to this suit? Does Jerry Britton consent to this Court's jurisdiction?

3.  Under what legal authority does Plaintiff seek the relief in paragraphs H and T of his amended complaint?

**Plaintiff's Motion for Preliminary Injunction**

1. What harm does Plaintiff seek to prevent by an injunction where Defendants have voluntarily complied with the terms of Plaintiff's demands? Is it absolutely clear that Defendants' allegedly wrongful activity cannot reasonably be expected to recur? *See LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1153 (9th Cir. 2006) (citing *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000)).

2. Why is Matthew Katzer not potentially liable for direct copyright infringement if he had supervisory discretion and contributory infringement if he allegedly induced or materially contributed to the infringing conduct of his company?

3. Do the partes have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:  January 18, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE