IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN,

    Plaintiff,

  v.

MATTHEW KATZER, and KAMIND ASSOCIATES, INC.,

    Defendants.

_____/

No. C 06-01905 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE; AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Now before the Court are the motions filed by Matthew Katzer and Kamind Associates, Inc. ("KAM") to dismiss counts five, six and ten for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the first amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Also before the Court is Plaintiff's motion for preliminary injunction on his copyright claim. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Defendants' motion to dismiss; GRANTS IN PART AND DENIED IN PART Defendants' motion to strike; and DENIES Plaintiff's motion for preliminary injunction.

**BACKGROUND**

Matthew Katzer is the chief executive officer and chairman of the board of directors of KAM, a software company based in Portland, Oregon that develops software for model railroad enthusiasts. The Java Model Railroad Interface ("JMRI") Project is an on-line, open source

community that also develops model train software. Plaintiff, Robert Jacobsen, works for the Lawrence Berkeley National Laboratory and is a professor of physics at the university, as well as a model train hobbyist and a leading member of the JMRI Project.

According to the first amended complaint, Jacobsen contends that Defendants fraudulently secured patents for their software and, despite knowing the patents were invalid and unenforceable, sought to enforce the patents and collect patent royalties, and threatened litigation. Jacobsen makes claims for declaratory judgment of the unenforceability and invalidity of KAM's patent, non-infringement of Jacobsen's work, violation of the California Business and Professions Code § 17200, cybersquatting in violation of 15 U.S.C. § 1125(d), violation of the Lanham Act, and unjust enrichment.

Now before the Court is Defendants' motion to dismiss the fifth count for unfair competition under California Business and Professions Code § 17200 and the tenth count for unjust enrichment arguing both that the state claims are preempted by copyright law and because they independently fail to state a cause of action. Defendants move to dismiss the sixth cause of action for cybersquatting for failure to join an indispensable party. Defendants also move to strike certain portions of the amended complaint as irrelevant and immaterial. Lastly, Plaintiff moves for preliminary injunction, seeking to have the Court enjoin Defendants from willfully infringing Plaintiff's copyrighted material.

## ANALYSIS

**A.     Matthew Katzer and Kamind Associates, Inc.'s Motion to Dismiss.**

**1.     Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the

complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

### 2. Count Five for Unfair Competition Under § 17200.

In order to make out an unfair competition claim under California law, Plaintiff must have suffered an injury in fact and have lost money or property. Cal. Bus. & Prof. Code § 17204; *see also Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006) (After Proposition 64, a private person has standing to sue only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition."). Because Plaintiff alleges that he never had an expectation of compensation by making the decoder files available for free on the internet, Count Five for unfair competition in violation of California Business and Professions Code § 17200 is dismissed without leave to amend for lack of standing.

### 3. Count Ten for Unjust Enrichment.

Under California law, a plaintiff is only entitled to recover for unjust enrichment "if the circumstances are such as to warrant the inference that it was the expectation of *both parties* during the time the services were rendered that the compensation should be made." *Del Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 978 (9th Cir. 1987) (citations omitted) (emphasis in original). Because open source software benefits all potential licensees, this benefit is not unjust as a matter of law where the software is distributed freely to anyone. *See First Nationwide Savings v. Perry*, 11 Cal. App. 4th, 1657, 1662 (1992). In addition, unjust enrichment is a theory of recovery, not an independent legal claim. *IB Melchoir v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."). Accordingly, Count Ten for unjust enrichment is dismissed without leave to amend for failure to state a claim upon which relief can be granted.

3

### 4. State Claims, Counts Five and Ten, Are Also Preempted by Copyright Law.

Although the state claims are subject to dismissal on the merits for lack of standing and for failure to state a claim upon which relief can be granted, the Court also finds that the two counts are preempted by federal copyright law, to the extent Plaintiff makes out a claim for copyright infringement.

Section 301 of the Federal Copyright Act provides in pertinent part:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301. The federal copyright preemption of overlapping state law claims is "explicit and broad." *G.S. Rasmussen & Assoc. V. Kalitta Flying Serv.*, 958 F.2d 896, 904 (9th Cir. 1992). Section 301 of the Copyright Act establishes a two-part test for preemption. First, the claims must come within the subject matter of copyright, and (2) the rights granted under state law must be equivalent to any of the exclusive rights within the general scope of copyright as set forth in the Act. *Del Madera*, 820 F.2d at 976. Counts Five and Ten address the subject matter that is within the subject matter of the Copyright Act as both claims deal exclusively with the misappropriation of the JMRI Project decoder definition files. (*See* Amended Complaint, ¶ 83(a) ("Katzer infringed copyrights on JMRI Project decoder definition files, in violation of federal copyright laws. In doing so, Katzer took away from Jacobsen, owner and assignee of the copyright, a property right – the exclusive right to reproduce, distribute, and make derivative copies."); ¶ 119 ("Katzer took JMRI Project decoder definition filed subject to a copyright, took credit for the work and used it for his own commercial gain. Thus, he received a benefit from Jacobsen's copyrighted work.").)

To satisfy the "equivalent rights" part of the preemption test, Plaintiff's unfair competition and unjust enrichment claims, which are predicated upon the alleged misappropriation of the copyrighted work, must be equivalent to rights within the general scope of copyright. *Del Madera*, 820 F.2d at 977. In other words, to survive preemption, the state causes of action must protect rights which are qualitatively different from the copyright rights. *Id.*, citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 501 F. Supp. 848, 852

4

(S.D.N.Y. 1980). The state claim must have an "extra element" which changes the nature of the action. *Id.*, citing *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F. Supp. 1523, 1535 (S.D.N.Y. 1985).

The alleged misappropriation of the decoder definition files are the basis for the state claims for violation of the California Business and Professions Code and for unjust enrichment. The claims do not add an "extra element" which changes the nature of the action or the rights secured under federal copyright protection. The unfair competition claims alleges violations of the exact same exclusive federal rights protected by Section 106 of the Copyright Act, the exclusive right to reproduce, distribute and make derivative copies. The unjust enrichment claim is equivalent to the copyright infringement claims because the claim fails to allege the bilateral expectation of compensation during the pertinent time period. *Del Madera*, 820 F.2d at 978, citing 1 B. Witkin, *Summary of California Law*, Contracts § 50, at 60-61 (8th ed. 1973 & Supp. 1984). Because Plaintiff alleges that the JMRI Project intentionally made the decoder files available for free, there was not an expectation of compensation to Jacobsen.

Accordingly, to the extent Plaintiff makes out a claim for copyright infringement, Counts Five and Ten are preempted by federal copyright law, and are thereby dismissed on this alternate basis without leave to amend.

**5.     Count Six, Cybersquatting, is Dismissed As Moot.**

Defendants move to dismiss Count Six for cybersquatting from the amended complaint for failure to join Jerry Britton as an indispensable party. Count Six alleges that Katzer transferred the domain name to a third party, Jerry Britton, and limited his rights to transfer it to anyone else, including Jacobsen. (*See* Amended Complaint ¶ 90.) In response to the Court's questions regarding the addition of Mr. Britton as an indispensable party, counsel for Plaintiff contended that the cybersquatting claim is filed as an in rem action. On August 6, 2007, Plaintiff submitted additional materials indicating that, pursuant to an administrative ruling by the World Intellectual Property Organization arbitration panel, the domain name at issue has

been transferred to Jacobsen.[1]  In an in rem action under 15 U.S.C. § 1125(d), the power of the court is limited to the res or property of the accused domain name and the Anti-cybersquatting Act expressly limits the remedies to a court order for the forfeiture or cancellation of the domain name or transfer of the domain name to the owner of the mark.  *See* 15 U.S.C. § 1125(d)(D)(I); 4 McCarthy on Trademarks and Unfair Competition § 25:79 (4th ed. 2007).  As the transfer has already been adjudicated by another forum, Plaintiff's claim for cybersquatting is rendered moot and is therefore dismissed on that basis without leave to amend.[2]

**B.     Motion to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted).  Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question."  *Id*.  Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.  *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991).  The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike.  *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.  Under Rule 12(f), courts have authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law.  *Wells v. Board of Trustees of the Cal. State Univ.*, 393 F. Supp. 2d 990, 994-95 (N.D. Cal. 2005); *Arcilla v. Adidas Promotional Retail*

---

[1] Plaintiff's two motions for leave to file supplementary material pursuant to Civil Local Rule 7-3(d) and motion for leave to file a sur-reply are HEREBY GRANTED.

[2] Although Defendants originally moved additionally to dismiss Counts Eight and Nine, they have withdrawn the motion as to those claims in their reply brief.  Therefore, the Court does not address the motion to dismiss as to Counts Eight and Nine.

6

*Operations, Inc*., 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007), citing *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559, 560 (8th Cir. 1974).

Defendants move to strike numerous portions of the amended complaint as immaterial. The Court addresses each in turn.

1. Paragraphs 1-6: the Court DENIES Defendants' motion to strike these paragraphs of the amended complaint. These paragraphs are somewhat potentially relevant as background information.

2. Footnote 14, Count 4, footnote 19, Count 7, footnote 21: the Court GRANTS Defendants' motion to strike those portions of the amended complaint in which Plaintiff seeks to reserve "the right to seek the reinstatement of his antitrust claim upon review of the Court's pending written ruling." (*See* Amended Complaint, n.19.) The Court dismissed Plaintiff's antitrust claim without leave to amend. These portions of the amended complaint are stricken.

3. Footnote 20: the Court has granted Defendants' motion to dismiss Count Five and therefore this footnote is automatically stricken.

4. Paragraph 66: the Court DENIES Defendants' motion to strike this paragraph as the alleged facts, although irrelevant as the predicate for Plaintiff's dismissed libel claim, are somewhat relevant to Plaintiff's reasonable apprehension of suit.

5. Footnote 17: although it is unclear how the arguments made before this Court are relevant to the facts giving rise to Plaintiff's claim, the Court DENIES Defendants' motion to strike this footnote because there are facts alleged within it that are potentially relevant.

6. Paragraph 105, first clause referencing 17 U.S.C. § 504 and Paragraph R of prayer for relief: the Court GRANTS Defendants' motion to strike as Plaintiff is not entitled to seek damages under 17 U.S.C. § 504 considering Plaintiff registered the copyright after the alleged infringement occurred. *See Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 708 n.5 (9th Cir. 2004) (holding that where Plaintiff did not register its copyright before infringement, it can recover only actual damages and profits under § 504(b), not statutory damages under

§ 504(c)); *Wells v. Board of Trustees*, 393 F. Supp. 2d at 994-95, citing *Tapley,* 502 F.2d at 560 (holding that court may strike damages sought that are not recoverable as a matter of law).

7. Paragraphs H and T in prayer for relief: there is no authority for the relief requested in these portions of the prayer and the Court declines the exercise its inherent discretion to award such remedies. Therefore, the Court GRANTS Defendants' motion to strike paragraphs H and T in the prayer for relief.

8. References in paragraph 50 to Kevin Russell: paragraph 50 refers to Kevin Russell as a defendant. Because the Court has dismissed Russell from this lawsuit, the Court GRANTS Defendants' motion to strike references to him as a defendant in paragraph 50 of the amended complaint.

**C.     Motion for Preliminary Injunction.**

Plaintiff moves for preliminary injunction, seeking a court order enjoining Defendants from willfully infringing Plaintiff's copyrighted material. A plaintiff is entitled to a preliminary injunction when it can demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, where the balance of hardships tips sharply in plaintiff's favor. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000). Under federal copyright law, however, a plaintiff who demonstrates a likelihood of success on the merits of a copyright claim is entitled to a presumption of irreparable harm. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999), citing *Cadence Design Systems v. Avant! Corp.*, 125 F.3d 824, 826-27 (9th Cir. 1997). "That presumption means that the balance of hardships issue cannot be accorded significant – if any – weight in determining whether a court should enter a preliminary injunction to prevent the use of infringing material in cases where ... the plaintiff has made a strong showing of likely success on the merits." *Sun*, 188 F.3d at 1119, citing *Cadence*, 125 F.3d at 830 (internal quotations omitted). To establish copyright infringement, a plaintiff must show (1) ownership of the copyrights, and (2) copying of the protected expression by Defendants. *Id.* at 1109.

8

### 1. Defendants' Voluntary Cessation of Challenged Conduct.

Although Defendants represent that they have voluntarily ceased all potentially infringing activities utilizing any of the disputed material and although both parties conceded that the disputed material is no longer of value (as of March 2007), the Court cannot find as a matter of law that Defendants' voluntary termination of allegedly wrongful activity renders the motion for preliminary injunction moot. "'Voluntary cessation of challenged conduct moots a case ... only if it is *absolutely* clear that the alleged wrongful behavior would not reasonable be expected to recur.'" *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1153 (9th Cir. 2006), quoting *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (emphasis in original). Although the Court is aware that it is altogether extremely unlikely that Defendants would again utilize the disputed material, considering the data contained within it is admittedly no longer of any commercial use, the Court cannot find as a matter of law that is absolutely clear that the alleged behavior could not recur.

### 2. Plaintiff's Claim Sounds in Contract, Not Copyright.

Plaintiff contends that he has a claim for copyright infringement, and has demonstrated Defendants' copying of the protected expression, and is therefore, entitled to a presumption of irreparable harm. Plaintiff's claim for copyright infringement states that Defendants, "without permission or consent, has [sic] made copies, distributed copies to the public, or created derivative works in violation of the exclusive rights. Defendants' actions constitute infringement of plaintiff's copyright and exclusive rights under the Copyright Act." (*See* Amended Complaint at ¶ 100.) However, Plaintiff's copyrighted decoder definition files are subject to an open source software license that permits potential licensees, members of the public who have access to the files on the internet, to make copies, distribute and create derivative works from the software, provided the licensees give proper credit to the JMRI Project original creators. (*See id.* at ¶¶ 2, 41; *see also* Supplemental Declaration of Robert Jacobsen ("Suppl. Jacobsen Del."), ¶ 2, Ex. A.) The license provides that potential licensees "may make or give away verbatim copies of the source form ... without restriction provided that [the licensee] duplicate all of the original copyright notices and associated disclaimers." (*See*

Suppl. Jacobsen Decl., Ex. A.)  The license further provides that the user or licensee may distribute the copyrighted work "in a more-or-less customary fashion, plus [have] the right to make reasonable modifications."  (*Id.*)  Lastly, the license provides that the licensee "may distribute [the material] in aggregate with other (possibly commercial) programs as part of a larger (possibly commercial) software distribution provided that [the licensee] not advertise [the material] as a product of [the licensee's] own."  (*Id.*)

Based on the both the allegations in the amended complaint and the explicit language of the JMRI Project's artistic license, the Court finds that Plaintiff has chosen to distribute his decoder definition files by granting the public a nonexclusive license to use, distribute and copy the files.  The nonexclusive license is subject to various conditions, including the licensee's proper attribution of the source of the subject files.  However, implicit in a nonexclusive license is the promise not to sue for copyright infringement.  *See In re CFLC, Inc.*, 89 F.3d 673, 677 (9th Cir. 1996), citing *De Forest Radio Telephone Co. v. United States*, 273 U.S. 236, 242 (1927) (finding that a nonexclusive license is, in essence, a mere waiver of the right to sue the licensee for infringement); *see also Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990) (holding that the granting of a nonexclusive license may be oral or by conduct and a such a license creates a waiver of the right to sue in copyright, but not the right to sue for breach of contract).  Therefore, under this reasoning, Plaintiff may have a claim against Defendants for breach the nonexclusive license agreement, but perhaps not a claim sounding in copyright.

However, merely finding that there was a license to use does not automatically preclude a claim for copyright infringement.  A licensee infringes the owner's copyright where its use exceeds the scope of the license.  *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989), citing *Gilliam v. American Broadcasting Cos.*, 538 F.2d 14, 20 (2d Cir. 1976).  In *S.O.S.*, the plaintiff held a copyright in a computer program and had granted defendant a licence to "use" the software and had explicitly reserved all other rights.  The plaintiff claimed that by modifying the software the defendant had exceeded the scope of the license and therefore infringed the copyright.  *Id.*  Here, however, the JMRI Project license provides that a user may copy the files verbatim or may otherwise modify the material in any way, including as part of a

10

larger, possibly commercial software distribution. The license explicitly gives the users of the material, any member of the public, "the right to use and distribute the [material] in a more-or-less customary fashion, plus the right to make reasonable accommodations." (*See* Suppl. Jacobsen Decl., Ex. A.) The scope of the nonexclusive license is, therefore, intentionally broad. The condition that the user insert a prominent notice of attribution does not limit the scope of the license. Rather, Defendants' alleged violation of the conditions of the license may have constituted a breach of the nonexclusive license, but does not create liability for copyright infringement where it would not otherwise exist. Therefore, based on the current record before the Court, the Court finds that Plaintiff's claim properly sounds in contract and therefore Plaintiff has not met his burden of demonstrating likelihood of success on the merit of his copyright claim and is therefore not entitled to a presumption of irreparable harm. *See Sun Microsystems,* 188 F.3d at 1119. Plaintiff has not met his burden of demonstrating either a combination of probable success on the merits of his copyright claim nor the existence of serious questions going to the merits. *See GoTo.com*, 202 F.3d at 1204-05.

Accordingly, the Court DENIES Plaintiff's motion for preliminary injunction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Counts five, six and ten without leave to amend and GRANTS IN PART AND DENIES IN PART Defendants' motion to strike. The Court DENIES Plaintiff's motion for preliminary injunction.

In order to proceed with this matter, the Court HEREBY SETS a further case management conference for September 14, 2007 at 1:30 p.m. The parties shall submit a joint case management conference statement by no later than September 7, 2007.

**IT IS SO ORDERED.**

Dated: August 17, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE