1
2
3
4
5           IN THE UNITED STATES DISTRICT COURT
6
7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  ROBERT JACOBSEN,

9            Plaintiff,                         No. C 06-01905 JSW

10      v.

11 MATTHEW KATZER and KAMIND              **ORDER RE OUTSTANDING**
   ASSOCIATES, INC.,                      **MOTIONS**
12
            Defendants.
13
   _____/
14
15
16          Now before the Court is a motion filed by Plaintiff Robert Jacobsen entitled Amended

17 Motion for Leave to File Second Amended Complaint, and in the Alternative, Motion for Final

18 Judgment Under Rule 54(b) as to Cybersquatting Cause of Action.  The motion simultaneously

19 and somewhat circuitously requests that the Court choose between alternative versions of an

20 amended complaint, although it expresses Defendants' agreement that some amended complaint

21 should be filed.  It also requests that the Court reconsider its previous ruling on the dismissal

22 with prejudice of the cybersquatting claim.  Lastly, Plaintiff's motion requests that the Court

23 enter final judgment under Federal Rule of Civil Procedure 54(b) as to the cybersquatting cause

24 of action in order to allow Plaintiff to consolidate an appeal of that dismissal with the current

25 appeal of other aspects of the Court's order now pending before the Federal Circuit.  The Court

26 ordered briefing on the motion and represented that it would make every effort to resolve the

27 motion on the papers.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    In addition, in response to Plaintiff's submission, Defendants filed a motion for

2    sanctions pursuant to Federal Rule of Civil Procedure 11.  Lastly, in response to Defendants'

3    motion for Rule 11 sanctions and Defendants' substantive opposition to Plaintiff's motion,

4    Plaintiff has now filed a motion for Rule 11 sanctions against counsel for Defendants.

5    The Court finds that the pending matters are appropriate for disposition without oral

6    argument and they are hereby deemed submitted.  *See* Civ. L.R. 7-1(b).  Accordingly, the

7    hearing set for January 18, 2008 at 9:00 a.m. and the motion noticed for February 8, 2008 are

8    HEREBY VACATED.

9    The Court construes the utterly novel submission made by Plaintiff as a motion for leave

10   to file a motion for reconsideration.  Although Plaintiff's procedurally proper motion for leave

11   to file a motion for reconsideration was denied, Plaintiff now submits a transcript of the Court

12   proceedings and effectively requests that the Court re-examine its ruling with regard to the

13   cybersquatting claim.

14    Having carefully reviewed the parties' papers and the transcript from the original

15   hearing on Defendants' motion to dismiss, and having considered the relevant legal authority,

16   and good cause appearing, the Court hereby GRANTS Plaintiff's motion for leave to file a

17   motion for reconsideration.

18       **A.    Motion for Reconsideration.**

19   A motion for reconsideration may be made on one of three grounds: (1) a material

20   difference in fact or law exists from that which was presented to the Court, which, in the

21   exercise of reasonable diligence, the party applying for reconsideration did not know at the time

22   of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest

23   failure by the Court to consider material facts or dispositive legal arguments presented before

24   entry of the order.  Civ. L.R. 7-9(b)(1)-(3).  In addition, the moving party may not reargue any

25   written or oral argument previously asserted to the Court.  Civ. L.R. 7-9(c).

26   Although again unclear from Plaintiff's filing, the Court interprets the motion as a

27   request for the Court to consider dispositive legal arguments that it failed to consider initially.

28   In this regard, the Court construed counsel for Plaintiff having represented that the

2

United States District Court
For the Northern District of California

cybersquatting claim was an in rem action for which the sole remedy is "a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Because the additional submissions made by Plaintiff demonstrated that the disputed domain name had been returned to Plaintiff, the Court concluded that the cybersquatting claim was moot. However, the claim for cybersquatting, as represented in Option A of the two proposed alternative amended complaints attached to Plaintiff's current motion, seeks both statutory damages under 15 U.S.C. § 1117 and injunctive relief. (*See* Motion, Ex. A at ¶¶ 500, 501.) Although Plaintiff is not entitled to injunctive relief as the record demonstrates that the domain name is now in his possession, statutory damages may still be available under this claim under certain circumstances. *See* 15 U.S.C. § 1125(d)(3).

Thus, the Court erred in granting Defendants' motion to dismiss the cybersquatting claim without leave to amend. Defendants had moved on an alternative basis (the absence of an indispensible party) and the Court ruled on the motion to dismiss based on lack of available remedy. Should Plaintiff wish to include a cause of action for cybersquatting in his amended complaint, he will likely have to respond to another of Defendants' motions to dismiss regarding the absence of Mr. Jerry Britton as an indispensible party. However, because the Court does not currently have a pending motion to dismiss that claim, the issue is not yet ripe.

**B.     Motions for Sanctions Under Rule 11.**

In the midst of the chaos, Defendants filed a motion for Rule 11 sanctions against counsel for Plaintiff.[1] Plaintiff had already moved for leave to file a motion for reconsideration

---

[1] Defendants move for sanctions under Federal Rule of Civil Procedure 11(b), which provides, in pertinent part, that:

> [b]y presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is not being presented for any improper purpose, ... (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b).

United States District Court

For the Northern District of California

1   which was denied.  Plaintiff's novel motion is meandering and confusing, to put it mildly.

2   Counsel for Plaintiff was not at all clear in her presentation during oral argument before this

3   Court on Defendants' motion to dismiss nor has she been concise or particularly lucid in her

4   written work product.  The Court, like Defendants, was understandably flummoxed.  However,

5   because the Court has now, upon review, determined that the underlying substance of the

6   motion for reconsideration is well-taken, Rule 11 sanctions are not appropriate.  Therefore, the

7   motion for sanctions is DENIED and the hearing and briefing schedule vacated.

8       Instead, the Court finds that the motion was procedurally improper under Civil Local

9   Rule 7-9(a) for failure to seek leave of Court to file what in truth is a motion for

10   reconsideration.  The Court has inherent authority to impose sanctions for failure to comply

11   with the Court's local rules or standing order.  This Court's standing orders explicitly state that

12   failure to comply "with any of the rules and orders may be deemed sufficient grounds for

13   monetary sanctions."  (General Standing Order. ¶ 1.)  Standing orders govern the conduct of

14   proceedings before this Court and, by its own terns, parties are provided sufficient notice that

15   any violation of such orders may subject them to sanctions.  *See* Civ. L.R. 1-5(o).  However, in

16   order to avoid further ancillary proceedings at this point in the litigation, the Court will not

17   impose sanctions.  Plaintiff and his counsel are warned, however, that failure to abide by the

18   rules of this Court in the future will result in substantial sanctions against one or both of them.

19       Lastly, with regard to Plaintiff's motion for Rule 11 sanctions, it is not well-taken and is

20   DENIED without necessitating further briefing.

21

22       Thus, "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they
have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded
23   in fact', has a colorable basis in law, and is not filed for an improper purpose."  *Smith v.
Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).  This test is objective.  *Zaldivar v. City of Los
24   Angeles*, 780 F.2d 823, 831 (9th Cir. 1986).  An action is "not 'warranted by law' where no
'plausible, good faith argument can be made by a competent attorney'' in support of the
25   proposition asserted."  *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999)
(citing *Zaldivar*, 780 F.2d at 829, 833).  This Court may make a finding of improper purpose
26   after conducting its own review of the facts and the law, and "[w]here there is no legal or
factual basis for a claim, improper purpose may be deduced."  *Id.* at 1144.
27       Finally, sanctions imposed under Rule 11 shall be limited to what is sufficient to
deter "repetition of such conduct or comparable conduct by others similarly situated."  Fed.
28   R. Civ. P. 11(c)(2).  Rule 11 sanctions may include an award for "reasonable attorneys' fees
and other expenses incurred as a direct result of the violation."  *Id.*

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, Plaintiff's Amended Motion for Leave to File Second Amended Complaint, and in the Alternative, Motion for Final Judgment Under Rule 54(b) as to Cybersquatting Cause of Action is GRANTED.  The Court will consider Exhibit A to Plaintiff's motion as the operative complaint which shall be filed by December 13, 2007, but shall strike paragraph 501 as seeking unwarranted injunctive relief.  *See* Fed. R. Civ. P. 12(f).  Defendants shall respond to that complaint with either a responsive pleading or a motion by no later than January 4, 2008.  Both parties' motions for Rule 11 sanctions are DENIED and shall not be further briefed.  The Court orders the parties to engage in good faith at the settlement conference now set before Magistrate Judge LaPorte on February 15, 2008 in an attempt to avoid the unnecessary expenditure of the parties' and the Court's precious resources.

**IT IS SO ORDERED.**

Dated:   December 11, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE