IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACOBSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW KATZER and KAMIND ASSOCIATES, INC.,<br><br>    Defendants.<br>_____/ | No. C 06-01905 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 11, 2008 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only with pin cites, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS IN PART AND DENIES IN PART** Defendants' motions to dismiss.

The parties shall have 25 minutes to address the following questions:

**Defendants' motion to dismiss counts 1-3 as moot**

1. In order to maintain subject matter jurisdiction over a declaratory action, the Court must find that there is an actual controversy. *See, e.g., Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998). What are the other Katzer patents that Plaintiff alludes to for which he has a reasonable apprehension of imminent suit?

2. Although Plaintiff concedes that "the declaratory judgment actions relating to non-infringement and invalidity of the '329 patent are moot," Plaintiff argues that Defendants "cannot disclaim their way out of a charge of inequitable conduct." (*See* Opp. Br. at 3; Surreply at 4.) Is there any legal authority supporting this assertion? What damages, beside his claim for attorney's fees, does Plaintiff maintain he incurred as a result of the alleged inequitable conduct?

3. Does the Court retain jurisdiction to hear Plaintiff's claim for attorneys' fees under 35 U.S.C. § 285 to make findings of inequitable conduct regarding a patent no longer in suit? (*See, e.g., Monsanto Co. v. Bayer Bioscience*, 514 F.3d 1229 (Fed. Cir. 2008).)

4. Do the partes have anything further they wish to address?

**Defendants' motion to dismiss counts 5 and 6 and to strike damages provisions**

1. Is there any dispute about the time Plaintiff alleges Defendants infringed his copyrights?

2. What damages does Plaintiff allege he suffered as a result of the alleged breach of contract?

3. Would it be prudent for this Court to stay decision on the DCMA claim pending the appeal of the denial of the preliminary injunction on Plaintiff's copyright claims?

4. Do the partes have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 10, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

2