IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN,

    Plaintiff,

v.

MATTHEW KATZER and KAMIND ASSOCIATES, INC.,

    Defendants.

                                          /

No. C 06-01905 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 19, 2008 AT 9:00 A.M.:

        The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only with pin cites, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

        The Court **tentatively GRANTS** Defendants' motion to dismiss for mootness and **tentatively GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss and motion to strike and **tentatively GRANTS** Plaintiff's motion for preliminary injunction.

        The parties shall have 25 minutes to address the following questions:

**Motion to Dismiss Counts 1-3 for Mootness**

1. Is the redress from alleged injury in paying anti-SLAPP attorneys' fees an appeal of this Court's decision? How does continuing to litigate a withdrawn patent cure any potential error in the Court's decision? If Plaintiff is not seeking to reconsider the award of attorneys' fees, what is the injury that forms the basis for the Court's jurisdiction over a withdrawn patent?

2. Does the Court retain jurisdiction to hear Plaintiff's claim for attorneys' fees under 35 U.S.C. § 285 to make findings of inequitable conduct regarding a patent no longer in suit? (*See, e.g., Monsanto Co. v. Bayer Bioscience*, 514 F.3d 1229 (Fed. Cir. 2008).)

3. Does Plaintiff intend by his filing to add back the already-dismissed defendant, Kevin Russell? Plaintiff's motion to file a sur-reply on this motion is DENIED; Plaintiff's motion to strike portions of the declarations of Matthew Katzer and Kevin Russell is DENIED.

**Motion to Dismiss for Failure to State a Claim**

1. Plaintiff contends that he has been harmed by the alleged breach of contract because he did not "receive the benefit of his bargain." What is the benefit of the bargain and how was Plaintiff harmed by a alleged breach of contract? Are those damages the same as the alleged damages for copyright infringement, and remedied only by an injunction? After the Federal Circuit's opinion in this matter, can Defendants be liable for *both* copyright infringement and contract damages on the same theory?

2. What facts are alleged in the current complaint, or could be alleged if given leave to amend, that indicate that Defendants' infringing conduct occurred after Plaintiff's copyright registration? Why shouldn't Plaintiff be bound by the allegations in his complaint regarding the timing of the allegedly infringing activities?

**Motion for Preliminary Injunction**

1. As Defendants have already admitted to infringement, there is likelihood of success on the merits of Plaintiff's copyright infringement claim. The sole issue before this Court is a demonstration of irreparable harm or a clear disparity in the relative hardships tipping in Plaintiff's favor. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). The Federal Circuit found that the lack of money changing hands in open source licensing should not be presumed to mean that there is no economic consideration, however. The substantial benefits, which might constitute irreparable injury in the context of this motion, are generating market share for program creators, benefit to the program developers' reputation, and improvements in the software. *See Jacobsen v. Katzer*, 535 F.3d 1373, 1379 (Fed. Cir. 2008). This potential harm is not compensable with money damages and therefore an injunction is appropriate. On what basis do Defendants contend that such harm has not been demonstrated, given the procedural history of this matter?

2. If the Court finds there has been a demonstration of harm by the Federal Circuit's definition, and likelihood of success on the merits due to the admitted infringement, the issue before the Court is the scope of the injunction. What is the best language to encapsulate the material allegedly infringed? In terms of drafting the scope of the injunction, should the Court borrow from the Federal Circuit's decision which defines the admission of infringement as "portions of the DecoderPro software [which] were

copied, modified, and distributed as part of the Decoder Commander software." *Jacobson v. Katzer*, 535 F.3d at 1379.

3. In terms of the scope of the injunction, how can the Court enjoin the use of the old versions of Defendants' products, which Plaintiff claims he (and, presumably, other users) may still access and utilize the old versions of Defendants' products?

4. Do the partes have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 17, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE