United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN,

    Plaintiff,

  v.

MATTHEW KATZER and KAMIND ASSOCIATES, INC.,

    Defendants.

                                 /

No. C 06-01905 JSW

**ORDER GRANTING MOTION TO DISMISS FOR MOOTNESS; DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DENYING MOTION TO STRIKE; AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

    Now before the Court are the motions filed by Matthew Katzer and Kamind Associates, Inc. ("KAM") to dismiss counts one, two and three for mootness and the motion to dismiss counts five and six for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the second amended complaint pursuant to Federal Rule of Civil Procedure 12(f). Also before the Court is Jacobsen's second motion for preliminary injunction on his copyright claim. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Defendants' motion to dismiss for mootness; GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss for failure to state a claim; DENIES the motion to strike; and DENIES Jacobsen's motion for preliminary injunction.

**BACKGROUND**

    Matthew Katzer is the chief executive officer and chairman of the board of directors of KAM, a software company based in Portland, Oregon that develops software for model railroad

enthusiasts. The Java Model Railroad Interface ("JMRI") Project is an on-line, open source community that also develops model train software. Plaintiff, Robert Jacobsen, works for the Lawrence Berkeley National Laboratory and is a professor of physics at the university, as well as a model train hobbyist and a leading member of the JMRI Project.

According to the second amended complaint, Jacobsen contends that Defendants fraudulently secured patents for their software and, despite knowing the patents were invalid and unenforceable, sought to enforce the patents and collect patent royalties, and threatened litigation. Jacobsen makes claims for declaratory judgment of the unenforceability and invalidity of KAM's patent, non-infringement of Jacobsen's work, violation of copyright laws, violation of the Digital Millenium Copyright Act ("DMCA"), breach of contract under California law, and cybersquatting in violation of 15 U.S.C. § 1125(d).

Now before the Court is Defendants' motion to dismiss the first, second and third claims for relief for declaratory judgment on unenforceability and invalidity of KAM's patent and non-infringement of Jacobsen's work on the basis that withdrawal of the patent in dispute renders the claims moot and the Court without jurisdiction to hear those claims. Defendants further move to dismiss claims five and six for violations of the DMCA and for breach of contract for failure to state a claim upon which relief can be granted. In this same motion, Defendants move to strike Jacobsen's prayer for relief for attorneys' fees under 17 U.S.C. §§ 504 and 505 pursuant to Federal Rule of Civil Procedure 12(f). Lastly, Jacobseon moves for preliminary injunction, seeking to have the Court enjoin Defendants from willfully infringing his copyrighted material.

The Court shall refer to additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.    Matthew Katzer and Kamind Associates, Inc.'s Motion to Dismiss for Mootness.**

    **1.    Legal Standard on Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1).**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

2

Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, or those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint. Rather, he or she must come forward with evidence establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

Lack of subject matter jurisdiction may be raised at any stage in the litigation. *Morongo Band of Mission Indians v. Cal. State Board of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). In assessing the scope of its jurisdiction, the Court may consider evidence extrinsic to the allegations in the complaint. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

**2.      Patent Declaratory Claims Are Mooted by Disclaimer.**

Counts one, two and three of the second amended complaint must be dismissed as moot because of Defendants' disclaimer of the patent sued upon. The Defendants filed a Disclaimer in Patent under 37 C.F.R. § 1.321(a) with the Patent and Trademark Office on February 1, 2008, disclaiming all claims in the '329 patent. (*See* Declaration of Matthew Katzer, ¶ 3, Ex. A.) There is no dispute that the patent at issue in this case has been disclaimed and there is therefore no further substantial controversy between the parties of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune, Inc. v. Genentech, Inc.*, 127

S. Ct. 764, 771 (2007). The Supreme Court set forth the correct standard for jurisdiction over a declaratory relief action:

> [T]hat the dispute be definite and concrete, touching the legal relations having adverse legal interests and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id.* at 774 n.11 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

"A patentee defending an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present of future acts...." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). Despite the more recent ruling in *MedImmune*, this fundamental concept remains the same. *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343-44 (9th Cir. 2007); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1124 (N.D. Cal. 2007). A declaratory judgment action relating to the enforceability of a disclaimed patent is moot.

In opposition to the motion to dismiss for mootness, Jacobsen argues that he has suffered damages in the amount of the award of attorneys' fees granted in connection with Defendants' California anti-SLAPP ("Strategic Lawsuit Against Public Participation") motion.[1] The anti-SLAPP motion damages were awarded in connection with the filing of a claim for libel because the claim was based on the filing of a FOIA request to the Department of Energy, which is a protected communication under California's anti-SLAPP statute as it was made in anticipation of bringing legal action against Jacobsen. *See* Cal. Code Civil Proc. § 425.16(b)(1). The damages in the form of attorneys' fees paid to compensate for the filing of a libel claim simply does not constitute a recognizable injury for the purposes of continuing to litigate a patent claim for a patent that has been disclaimed. The damages incurred in the litigation of the libel claim do not give Jacobsen standing to create a substantial controversy

---

[1] The opposition to the motion to dismiss for mootness reads like a motion for reconsideration of the Court's decision on the anti-SLAPP motion. To the degree it can be construed as a motion to reconsider, it is DENIED.

4

between the parties of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See MedImmune*, 127 S. Ct. at 771.

Jacobsen also alludes to the possibility that Defendants own other patents which may be relevant to this litigation. However, there is nothing in the record to support the position that there is a substantial controversy between the parties to merit retaining jurisdiction over the declaratory claim. Defendants maintain they have no intent to sue Jacobsen over alternate patents and any determination regarding patents not yet in suit would render the Court's opinion merely, and impermissibly, advisory. *See Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 901-02 (Fed. Cir. 2008).

Lastly, Jacobsen also argues that he has standing to litigate a disclaimed patent because, under 35 U.S.C. § 285, he has incurred attorneys' fees in the litigation over the past two years and has standing to allege injury as a result. However, section 285 provides only that the court may, in exceptional cases, award reasonable attorney fees to the prevailing party. To be eligible for an award of attorneys' fees under section 285, Jacobsen must first demonstrate that he is the prevailing party on the patent claims. Here, Defendants voluntarily disclaimed the patent at issue. Although Jacobsen argues that the disclaimer was the result of the settlement conference magistrate judge's order requiring the parties to proffer their positions on the patent, as well as the other claims, Defendants were never ordered to disclaim the patent and did so voluntarily. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2001) (emphasis in original).

Because, as the patent at issue was voluntarily disclaimed, the Court cannot find that Jacobsen is the prevailing party in this matter. Therefore, attorneys' fees under section 285 could not become available to Jacobsen and does not, in any case, form an independent basis for jurisdiction over the now-disclaimed patent. Accordingly, the Court finds no basis for retaining

jurisdiction over the patent dispute in this case, and therefore dismisses counts one, two and three without leave to amend.[2]

**B.     Matthew Katzer and Kamind Associates, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.**

   **1.     Legal Standard on Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (citations omitted). In addition, the pleading must not merely allege conduct that is conceivable, but it must also be plausible. *Id.* at 1974.

   **2.     Claim for Breach of Contract.**

In order to state a claim for breach of contract, Jacobsen must allege (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendants' breach and damage to plaintiff proximately caused from defendants' breach. *See Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971) (citing 2 Witkin, Cal. Proc., Pleading, § 251). Jacobsen has failed to allege a specific harm that was proximately caused by

---

[2] Although addressed by the Court at oral argument, for the sake of clarity, Jacobsen's motion for leave to file a sur-reply to Defendants' motion to dismiss for mootness is DENIED. The sur-reply and all attached declarations and exhibits are HEREBY STRICKEN from the record. In addition, Jacobsen's motion to strike portions of the declarations of Matthew Katzer and Kevin Russell is DENIED.

6

the alleged breach of the terms of the Artistic License. The Second Amended Complaint merely states that "[b]y reason of the breach, Plaintiff has been harmed" and seeks "rescission, and disgorgement of the value he conferred on Defendants, plus interest and costs." (Second Amended Complaint, ¶¶ 491, 492.) The complaint does not state the proximate cause of the alleged damage, nor does it state what the actual damage was incurred by Jacobsen. The Federal Circuit, in its decision on the appeal of this Court's order denying Jacobsen's motion for a preliminary injunction, opines that damage to the "creation and distribution of copyrighted works under public licenses" could include injury to reputation and the programmers' recognition in his profession as well as impact on the likelihood that the product will be further improved. *Jacobsen v. Katzer*, 535 F.3d 1373, 1379 (Fed. Cir. 2008) (finding that the lack of money changing hands in open source licensing should not be presumed to mean that there is no economic consideration). The appellate decision enumerates these potential damages which could have been caused by Defendants' activity in interfering with open source licensing. However, as the claim for breach of contract is currently drafted, there is no indication what, if any, damages Jacobsen claims to have incurred that were the proximate cause of a breach of the Artistic License. For this reason, the allegations for breach of contract fail to state a claim upon which relief can be granted and the claim is dismissed with leave to amend.

Although the claim for breach of contract fails to state a claim upon which relief can be granted for failure to state damages proximately caused by the alleged breach, the Court also finds that the state law claim, as drafted, is also preempted by federal copyright law.

Section 301 of the Federal Copyright Act provides in pertinent part:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301. The federal copyright preemption of overlapping state law claims is "explicit and broad." *G.S. Rasmussen & Assoc. V. Kalitta Flying Serv.*, 958 F.2d 896, 904 (9th Cir. 1992). Section 301 of the Copyright Act establishes a two-part test for preemption. First, the claims must come within the subject matter of copyright, and (2) the rights granted under state law must be equivalent to any of the exclusive rights within the general scope of copyright as

7

set forth in the Act. *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973, 976 (9th Cir. 1987). The claim for breach of contract addresses the subject matter that is within the subject matter of the Copyright Act as the claim deals exclusively with the misappropriation of the JMRI Project decoder definition files. (*See* Second Amended Complaint, ¶¶ 486-492 (alleging that Defendants accepted Plaintiff's offer to permit the use of the Decoder Definition files, subject to the Artistic License, but failed to perform the agreement to honor any of the terms or conditions of the Artistic License).)

To satisfy the "equivalent rights" part of the preemption test, Jacobsen's contract claim. which is predicated upon the alleged use of the copyrighted work without abiding by the terms of the Artistic License, must be equivalent to rights within the general scope of copyright. *See Del Madera*, 820 F.2d at 977. In other words, to survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. *Id.* (citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 501 F. Supp. 848, 852 (S.D.N.Y. 1980)). The state claim must have an "extra element" which changes the nature of the action. *Id.* (citing *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F. Supp. 1523, 1535 (S.D.N.Y. 1985)).

The breach of contract claim does not add an "extra element" which changes the nature of the action or the rights secured under federal copyright protection. The breach of contract claim alleges violations of the exact same exclusive federal rights protected by Section 106 of the Copyright Act, the exclusive right to reproduce, distribute and make derivative copies.

Accordingly, the breach of contract claim is preempted by federal copyright law, and is thereby dismissed on this alternate basis with leave to amend. Should Jacobsen wish to amend his complaint, he will not only have to make an allegation of damages proximately caused by the alleged breach of the Artistic License, but will, in addition, have to state a claim that is not preempted by federal copyright law by demonstrating that there are rights or remedies available under the contract claims that are not otherwise available under the copyright claim.

### 3. Claim Under DMCA.

Jacobsen alleges that the information contained in the JMRI Project Decoder Definition Files constituted "copyright management information" within the meaning of the Digital

8

1  Millennium Copyright Act and that by removing the information and making copies of the files,
2  Defendants violated 17 U.S.C. § 1201(b), which protects the integrity of copyright management
3  information.

4  Under the statute, the term copyright management information ("CMI") means "any of
5  the following information conveyed in connection with copies ... of a work ..., including digital
6  form," including "the name of, and other identifying information about the author of the work,
7  ... the copyright owner of the work, ... [and other] information identifying the work." 17 U.S.C.
8  § 1202(c). The information Jacobsen contends consists of copyright management information
9  in his complaint is the "author's name, a title, a reference to the license and where to find the
10  license, a copyright notice, and the copyright owner." (Second Amended Complaint, ¶ 479.)
11  Jacobsen also alleges that he used a software script to automate adding copyright notices and
12  information regarding the license and uploaded the files on the internet through
13  SourceForge.net, an open source incubator website. (*Id.*, ¶¶ 267, 480.) Jacobsen contends that
14  Defendants downloaded the files and removed the names of the authors and copyright holder,
15  title, reference to license, where to find the license and the copyright notices, and instead,
16  renamed the files and referred to their own copyright notice and named themselves as author
17  and copyright owner. (*Id.*, ¶¶ 271-76; 289-291.)

18  Although the law on the definition and application in practice of the term CMI is scant,
19  the Court finds that it would be premature to dismiss the claim on the facts as alleged. *See*
20  *Electrical Construction & Maintenance Co. v. Maeda Pacific Corp.*, 764 F.2d 619, 623 (9th
21  Cir. 1985) ( "The court should be especially reluctant to dismiss on the basis of the pleadings
22  when the asserted theory of liability is novel ..., since it is important that new legal theories be
23  explored and assayed in the light of actual facts."). In *IQ Group v. Wiesner Publishing, Inc.*,
24  the court, at the summary judgment stage, determined after a lengthy review of the legislative
25  history of the DMCA that the statute should be construed to protect CMI performed by the
26  technological measures of automated systems. 400 F. Supp. 2d 587, 597 (D. N.J. 2006). In
27  *McClatchey v. The Associated Press*, because the plaintiff had used a computer software
28  program to print her title, name and copyright notice on copies of her photograph, the district

9

1  court determined that this technological process came within the term CMI as defined in section
2  1202(c). 2007 WL 776103, *5 (W.D. Pa. March 9, 2007).

3    Based on the allegations in the complaint, the Court finds that there has been some
4  technological process engaged to protect the author's name, a title, a reference to the license
5  and where to find the license, a copyright notice, and the copyright owner of Jacobsen's work.
6  Therefore, without further discovery, the Court finds that it would be inappropriate to dismiss
7  the cause of action for violation of the DMCA.

### 4. Motion to Strike Attorneys' Fees Prayer for Relief.

9    Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any
10 pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous
11 matter." Immaterial matter "is that which has no essential or important relationship to the claim
12 for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO
13 Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations
14 omitted). Impertinent material "consists of statements that do not pertain, or are not necessary
15 to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are
16 often used as delaying tactics and because of the limited importance of pleadings in federal
17 practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The
18 possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause
19 the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient
20 to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F.
21 Supp. at 1028. Under Rule 12(f), courts have authority to strike a prayer for relief seeking
22 damages that are not recoverable as a matter of law. *Wells v. Board of Trustees of the Cal. State
23 Univ.*, 393 F. Supp. 2d 990, 994-95 (N.D. Cal. 2005); *Arcilla v. Adidas Promotional Retail
24 Operations, Inc.*, 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007) (citing *Tapley v. Lockwood Green
25 Engineers, Inc.,* 502 F.2d 559, 560 (8th Cir. 1974)).

26   Defendants contend that Jacobsen is not entitled to seek damages under 17 U.S.C. §§
27 504 and 505 because Jacobsen registered the copyright on June 13, 2006 after the alleged
28 infringement occurred. However, because there are allegations that the alleged infringement

10

occurred earlier and because the allegations of infringement may not be complete, the Court finds it would be premature to dismiss the claims for damages at this time. (*See, e.g.,* Second Amended Complaint, ¶ 266.) Although the allegations in the complaint as to the timing of the alleged instances of infringement constitute a compelling statement of the dates of alleged infringement, the Court finds that, by virtue of discovery, Jacobsen may find additional instances of infringement and therefore, Defendants' motion to strike is premature.

**C.    Jacobsen's Motion for Preliminary Injunction on Copyright Claim.**

   **1.    Legal Standard.**

Plaintiff moves for preliminary injunction, seeking a court order enjoining Defendants from willfully infringing Plaintiff's copyrighted material. A plaintiff is entitled to a preliminary injunction when it can demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, where the balance of hardships tips sharply in plaintiff's favor. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000). To establish copyright infringement, a plaintiff must show (1) ownership of the copyrights, and (2) copying of the protected expression by Defendants. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1109 (9th Cir. 1999).

Initially, when this matter was before the Court on a motion for preliminary injunction, federal copyright law provided that a plaintiff who demonstrates a likelihood of success on the merits of a copyright claim was automatically entitled to a presumption of irreparable harm. *Id.* at 1119 (citing *Cadence Design Systems v. Avant! Corp.*, 125 F.3d 824, 826-27 (9th Cir. 1997)). "That presumption means that the balance of hardships issue cannot be accorded significant – if any – weight in determining whether a court should enter a preliminary injunction to prevent the use of infringing material in cases where ... the plaintiff has made a strong showing of likely success on the merits." *Sun*, 188 F.3d at 1119 (citing *Cadence*, 125 F.3d at 830 (internal quotations omitted)).

However, because of the passage of time, the governing law has changed. Now, a plaintiff is not granted the presumption of irreparable harm upon a showing of likelihood of

11

success on the merits. Instead, a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). In this recent case, the Supreme Court found that the Ninth Circuit's standard of the likelihood of irreparable injury was too lenient and held that a plaintiff must demonstrate that irreparable injury is "*likely* in the absence of an injunction." *Id*. at 375. "Issuing a preliminary injunction based only a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Because a preliminary injunction is an extraordinary remedy, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

### 2.     **Procedural History.**

Plaintiff appealed this Court's denial of his original motion for preliminary injunction on the issue of copyright infringement. The Federal Circuit court found that this Court had erred in its legal finding that a copyright holder of work open and available to the public free of charge under an "open source" nonexclusive copyright license may not control future distribution and modification of such work under federal copyright law, but may only pursue remedies under a breach of contract theory. The Federal Circuit court found that Jacobsen may maintain a cause of action for trademark infringement based on the facts alleged in the complaint. In its decision, the appellate court found that copyright holders who engage in open source licensing have the right to control the modification and distribution of copyrighted material and that the Artistic License present on the JMRI Project website governed Jacobsen's copyrighted material and

12

1 required that any downstream user follow the restrictive terms of the license.  Because the
2 Federal Circuit found that this Court had erred in its legal finding, and, having found that the
3 terms of the Artistic License are enforceable copyright conditions, the court vacated the denial
4 of a preliminary injunction and remanded "to enable the District Court to determine whether
5 Jacobsen has demonstrated (1) a likelihood of success on the merits and either a presumption of
6 irreparable harm or a demonstration of irreparable harm; or (2) a fair chance of success on the
7 merits and a clear disparity in the relative hardships and tipping in his favor." *Jacobsen v.*
8 *Katzer*, 535 F.3d at 1382-83.

9 The Federal Circuit was faced with an incomplete record and only the allegations in the complaint, and made its determination as a matter of legal interpretation.  The appellate court did not make a finding that Jacobsen is entitled to a preliminary injunction on the allegations of his complaint.  It only found that this Court erred in finding that a cause of action for trademark infringement could not lie.  This Court is again faced with a perfunctory record and is bound by the legal finding of the appellate decision.   However, in the intervening time, the Supreme Court precedent governing the standard to be applied in deciding whether the extraordinary remedy of a preliminary injunction is appropriate has changed.  This Court is bound by such intervening authority.  In order to grant Jacobsen a preliminary injunction, the Court must find, based on the entire record, that Jacobsen is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Winter*, 129 S. Ct. at 374.

### 3. Jacobsen Fails to Meet Heightened Burden of Demonstrating Harm.

In its opinion, the Federal Circuit found that in the open source field, there are potential harms to copyright holders, although they may not be exclusively monetary.  The court found that the

> lack of money changing hands in open source licensing should not be presumed to mean that there is no economic consideration, however. There are substantial benefits, including economic benefits, to the creation and distribution of copyrighted works under public licenses that range far beyond traditional license royalties. For example, program creators may generate market share for their programs by providing certain components free of charge.  Similarly, a programmer or company may increase its international reputation by incubating

13

>  open source projects. Improvement to a product can come rapidly and free of
>  charge from an expert not even known to the copyright holder.

*Jacobsen v. Katzer*, 535 F.3d at 1379. On this basis, the court found that there could indeed be harm based exclusively on a copyright infringement theory.

However, the Federal Circuit did not find, based on the record of this case, that there was indeed either actual, current infringement or that there was a likelihood of irreparable harm that tipped the balance of equities in Jacobsen's favor. The Federal Circuit court's list of potential harms that a copyright holder may face in the open source field are just that – *potential* harms. There is no showing on the record before this Court that Jacobsen has actually suffered *any* of these potential harms. The standard under *Winter* requires that Jacobsen demonstrate, by the introduction of admissible evidence and with a clear likelihood of success that the harm is real, imminent and significant, not just speculative or potential. 129 S. Ct. at 374. Jacobsen has failed to proffer any evidence of any specific and actual harm suffered as a result of the alleged copyright infringement and he has failed to demonstrate that there is any continuing or ongoing conduct that indicates future harm is imminent.[3] Because Jacobsen fails to meet the burden of presenting evidence of actual injury to support his claims of irreparable injury and speculative losses, the Court cannot, on this record, grant a preliminary injunction. *See Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) (holding that speculative harm is insufficient to establish irreparable harm).

---

[3] Although Jacobsen makes legal arguments regarding the alleged harm he may suffer, for instance delays and inefficiency in development and time lost in the open source development cycle, he has failed to put forward any *evidence* of such harms. Jacobsen has failed to proffer evidence of harm suffered or any evidence of a real or immediate threat of imminent harm in the future. The Court also finds that Jacobsen has failed to identify with the requisite particularity the extent of his copyright ownership over the disputed underlying material. The JMRI Project Decoder Definition Files incorporate many manufacturers' specifications data as well as rights to specific terms whose copyright is owned by Defendants. Even if Jacobsen's heavy burden to warrant injunctive relief had been met, it is unclear how the Court would fashion an injunction which would be narrowly tailored to enjoin only those allegedly infringing uses of Jacobsen's copyrighted content.

14

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for mootness; GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss for failure to state a claim; DENIES the motion to strike; and DENIES Jacobsen's motion for preliminary injunction. Jacobsen may file an amended complaint within twenty days of the date of this Order. If Jacobsen does not file a third amended complaint, Defendants shall file an answer within twenty days of the deadline to file the amended complaint. If Jacobsen elects to file a third amended complaint in accordance with this Order, Defendants shall either file an answer or move to dismiss within twenty days of service of the third amended complaint.

**IT IS SO ORDERED.**

Dated:   January 5, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE