R. Scott Jerger (*pro hac vice*) (Oregon State Bar #02337)
Field Jerger LLP
621 SW Morrison, Suite 1225
Portland, OR 97205
Tel: (503) 228-9115
Fax: (503) 225-0276
Email: scott@fieldjerger.com

John C. Gorman (CA State Bar #91515)
Gorman & Miller, P.C.
210 N 4th Street, Suite 200
San Jose, CA 95112
Tel: (408) 297-2222
Fax: (408) 297-2224
Email: jgorman@gormanmiller.com

Attorneys for Defendants
Matthew Katzer and Kamind Associates, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT JACOBSEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW KATZER, an individual, and KAMIND ASSOCIATES, INC., an Oregon corporation dba KAM Industries,<br><br>Defendants. | Case Number C06-1905-JSW<br><br>Hearing Date: December 4, 2009<br>Hearing Time: 9:00am<br>Place: Ct. 11, Floor 19<br><br>Hon. Jeffrey S. White<br><br>**DEFENDANTS MATTHEW KATZER AND KAMIND ASSOCIATES, INC.'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

## STATEMENT OF ISSUES TO BE DECIDED

1.  Does a genuine issue of material fact exist as to whether Plaintiff is entitled to monetary damages (actual damages or disgorgement of Defendants' profits) under the Copyright Act?

## STATEMENT OF FACTS

Per this Court's order and the agreement between the parties, this reply brief will not address the issue of the copyrightability of Plaintiff's work, which has been fully briefed by both parties already.  This reply brief will also not address Defendants' motion for summary judgment on the DMCA claim, which both parties seem to agree stands or falls with the copyright claim challenge.  Therefore, this reply brief will address the two remaining issues: (1) if a fact issue exists as to whether Plaintiff has suffered harm; and (2) if a fact issue exists as to whether Plaintiff has suffered any monetary damages.  These issues have also been streamlined during the briefing process as Plaintiff now concedes that he is not entitled to statutory damages or attorney fees under the Copyright Act.  Additionally, Defendants now concede that Plaintiff's recent declaration creates a fact dispute on the issue of irreparable harm.  Therefore, the only contested issue addressed in this reply brief is whether Plaintiff has suffered any monetary damages under the Copyright Act.

## ARGUMENT

### I.  Standard of Review

Summary judgment is mandated by Fed. R. Civ. P. 56, after adequate time for discovery, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In such a case, there can be "no genuine issue as to any material fact."  *Id.*  In response to a motion for summary judgment, the nonmoving party who bears the burden of proof at trial on a dispositive issue (such as Plaintiff in

Case Number C 06 1905 JSW
Defendants' Reply

this case on his copyright infringement claim) must go beyond the pleadings and must designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324.   Fed.  R. of Civ. P. 56 contemplates the use of affidavits to support or oppose motions for summary judgment.  These affidavits must be sworn or made under oath.  *Williams v. Pierce County Bd. Of Commrs.,* 267 F.2d 866, 867 (9th Cir. 1959).

## II.  A fact issue now exists as to whether Plaintiff was irreparably harmed for purposes of injunctive relief

After three years of litigation and numerous declarations, Plaintiff has only now submitted a sworn declaration into evidence containing an allegation that he has been harmed by Defendants' alleged activities.[1]   *See* Declaration of Robert Jacobsen in Opposition to Defendants' Motion for Summary Judgment, ¶¶ 46-48.  Therefore, defendants concede that a fact issue exists on the issue of irreparable harm for purposes of a permanent injunction and summary judgment is no longer proper on this issue.

Plaintiff also cites to an unsworn expert report from Mr. Bruce Perens as additional evidence of harm.  Attached as Ex. E. to Declaration of Victoria Hall in Opposition to Defendants' Motion for Summary Judgment.  Defendants object to this unsworn report as it is improper and inadmissible evidence for purposes of resolving a summary judgment motion under Fed. R. Civ. P. 56.  There is no indication that Mr. Perens report is sworn or made under oath.  *See* Fed. Rule Civ. P. 56(e); *Williams v. Pierce County Bd. Of Commrs.,* 267 F.2d 866, 867 (9th Cir. 1959) (holding that a document that had no indication that it was sworn or made under oath was no affidavit).  Unsworn expert reports do not qualify as affidavits or otherwise admissible evidence for the purpose of Rule 56 and may be disregarded by this Court when ruling on a motion for summary judgment.  *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001); *accord Kelly v. Echols*, 2008 WL 4163221 at *4 (E.D. Ca 2008).  Attaching

---

[1] Plaintiff's previous steadfast refusal to discuss harm to either himself or the JMRI project in a sworn declaration begs the question of whether Plaintiff has actually been harmed, but that issue is not presently before this Court.

Case Number C 06 1905 JSW
Defendants' Reply

an unsworn expert report to a declaration from Ms. Hall does not cure this defect and somehow make this document admissible.  *See Orr v. Bank of America, NT &SA*, 285 F.3d 764, 777 (9th Cir. 2002).  Therefore, the expert report of Bruce Perens should not be considered by this Court in addressing Defendants' motion for summary judgment.

Lastly, while no longer an issue at this stage, it is important to note that Plaintiff's citation to *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 877 (9th Cir. 2009) for the proposition that a presumption of irreparable harm now exists in the Ninth Circuit for permanent injunctions in the copyright context after *Winter v. Natural Res. Def. Council,* ---U.S.--, 129 S. Ct. 365, 374 (2008) is simply wrong.  *Marlyn Nutraceuticals* was a trademark case, not a copyright case, and there is no indication that its holding extends to copyright injunctions, rather the opposite is true.

Following the Supreme Court's ruling in *eBay v. MercExchange L.L.C.,* 547 U.S. 388 (2006), courts in the Ninth Circuit abandoned the presumption of irreparable harm upon a finding of copyright infringement in injunction requests.[2]  *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd*., 518 F.Supp.2d 1197, 1210 (C.D. Cal. 2007); *Designer Skin, LLC v. S&L Vitamins, Inc*., 2008 WL 4174882 at *4 (D. Ariz. 2008); *Gowan Co., LLC v.Aceto Agr. Chemicals*, 2009 WL 2028387 at *4 (D. Ariz. 2009).  The plain language of the Supreme Court's recent decision in *Winter* and the Ninth Circuit's ruling in *American Trucking Association, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) further confirmed that irreparable harm should no longer be presumed.  In *Winter*, the Supreme Court held that a plaintiff seeking injunctive relief *must* demonstrate likely irreparable injury.  *Winter*, 129 S.Ct. at 374.  If a Plaintiff must make a demonstration of harm under *Winter*, any presumption shifting this burden to the defendant is inconsistent with the plain language of *Winter*.  In *American Trucking*, the Ninth Circuit recognized that *Winter* overruled our Circuit's previous test for injunctive relief

---

[2] Indeed, in the *eBay* case itself, the Supreme Court mentioned, in *dicta*, that principles of equity have always applied to the treatment of injunctions under the Copyright Act.  *eBay*, 547 U.S. at 392.

Case Number C 06 1905 JSW
Defendants' Reply

3

stating "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable."[3] *American Trucking*, 559 F.3d at 1052. Indeed, less than one month ago, the Ninth Circuit, again, affirmed that a party seeking an injunction must make a demonstration of likely irreparable injury. *Stormans, Inc. v. Selecky*, --F.3d--, 2009 WL 3448435 at *13 (9th Cir. October 28, 2009). Therefore, a presumption of irreparable harm does not exist, and Plaintiff must demonstrate irreparable harm through admissible evidence when seeking injunctive relief.

### III. Defendants are entitled to summary judgment on damages under the Copyright Act

In contrast to the issue of irreparable harm, Plaintiff has failed to make a showing that a genuine issue of fact exists regarding monetary damages under the Copyright Act. Under certain circumstances, under the Copyright Act, a plaintiff may elect an award of statutory damages instead of actual damages and may also seek an award of attorney fees. 17 U.S.C. §§ 504, 505. Plaintiff has finally conceded that he is not entitled to either statutory damages or attorney fees under the Copyright Act. Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 17. Based on this admission, Defendants request summary judgment on this issue as no dispute exists that Plaintiff cannot recover statutory damages or attorney fees as a matter of law.

Additionally, despite Plaintiff's conclusory assertion to the contrary, no issue of fact exists that Plaintiff is also not entitled to any actual damages or disgorgement of Defendants' profits under the Copyright Act either. Under the Copyright Act, a copyright owner is entitled to recover compensatory damages in the amount of the actual damages suffered and also may disgorge any of the profits of the infringer attributable to the infringement (to the extent these damage remedies do not overlap). 17 U.S.C. § 504(b).

---

[3] At least one district court in this Circuit has identified the tension that exists between the Ninth Circuit's holding in *Marlyn Nutraceuticals* and the plain language of *Winter* and *American Trucking*. *See Credit One Corp. v. Credit One Financial, Inc.*, 2009 WL 3199169 at *6, n.1 (C.D. Cal. September 23, 2009).

Case Number C 06 1905 JSW
Defendants' Reply

In Defendants' motion for summary judgment, Defendants demonstrate that there is no profit for Plaintiff to disgorge.  Defendants' Motion for Partial Summary Judgment at 19-20. Plaintiff does not respond to this argument in his opposition papers.  Therefore, since Plaintiff has failed to make a showing that a factual issue exists, Defendants request summary judgment on this measure of damages.

Similarly, Defendants have introduced admissible evidence that Plaintiff has suffered no actual damages.  *See* Defendants' Motion for Partial Summary Judgment at 20-21.   This evidence consists of the fact that Plaintiff's work has no market value under current Ninth Circuit law because it is, and always has been, distributed for free on the internet.  Plaintiff does not dispute this, stating only that he "is entitled to recover the value of the misappropriated work, and this measure is distinct from the amount a plaintiff made or lost" under a "value of use" measure of recovery.  Opposition at 17.   The Ninth Circuit, however, under any theory of recovery, has adopted a test to determine the fair market value of Plaintiff's work.  The test, endorsed by the Ninth Circuit in *Mackie v. Rieser,* 296 F.3d 909 (9th Cir. 2002*)*, *Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157 (9th Cir. 1977), and *Frank Music Corp. v. Metro-Goldwin-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985), asks "what a willing buyer would have been reasonably required to pay to a willing seller for [the owner's] work."  *Mackie v. Reiser,* 296 F.3d at 917.  Here, at the time of the alleged infringement, a willing buyer would not have been reasonably required to pay anything to a willing seller for the JMRI decoder definition files because they were available for free and easily accessible.

Plaintiff has failed to make introduce any facts into the record to create a dispute regarding his actual damages.  Jacobsen citation to an expert report "documenting the value of the work Defendants copied" is inadmissible for summary judgment purposes.  Attached as Exhibit F to Declaration of Victoria Hall in Opposition to Defendants' Motion for Summary Judgment.  This unsworn expert report suffers from the same defects as the report of Mr. Perens and Defendants object to this report on the same basis as discussed *supra*.  Since this unsworn

Case Number C 06 1905 JSW
Defendants' Reply

expert report does not qualify as an affidavit or otherwise admissible evidence for the purpose of Rule 56 it should be disregarded by this Court when ruling on this motion for summary judgment. *See Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (discussed *supra* page 2).[4]

Plaintiff has failed to introduce any facts relating to the value of his work and has failed to rebut the evidence in the record that the fair market value of the work is zero since a willing buyer would not reasonably pay anything for the work. Plaintiff bears this burden. Since Plaintiff has failed to make a showing sufficient to establish the existence of a dispute regarding the value of his work and since Plaintiff bears the burden of proof on establishing actual damages for purposes of his copyright claim, summary judgment should be granted to Defendants on the issue of copyright damages. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## CONCLUSION

Based on the above, Defendants respectfully request that this Court enter judgment on behalf of Defendants' on Plaintiff's request under the Copyright Act for statutory damages, attorney fees, actual damages and disgorgement of profits.


Dated November 20, 2009.                    Respectfully submitted,

                                            _____/s/Scott Jerger_____
                                            R. Scott Jerger (*pro hac vice*)
                                            Field Jerger LLP
                                            621 SW Morrison, Suite 1225
                                            Portland, OR 97205
                                            Tel: (503) 228-9115
                                            Fax: (503) 225-0276
                                            Email: scott@fieldjerger.com

---

[4] Alternatively and solely for purposes of preserving their objection, Defendants object to Dr. Einhorn's report under Fed. R. Evid. 702 and request the opportunity to file a motion to strike this report should this Court decide to consider it at this time.

Case Number C 06 1905 JSW
Defendants' Reply

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2009, I served Matthew Katzer's and KAM's REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT on the following parties through their attorneys via the Court's ECF filing system:

Victoria K. Hall
Attorney for Robert Jacobsen
Law Office of Victoria K. Hall
3 Bethesda Metro Suite 700
Bethesda, MD 20814

David McGowan
Warren Hall
5998 Alcala Park
San Diego, CA 92110

_____/s/ Scott Jerger_____
R. Scott Jerger (*pro hac vice*)
Field Jerger LLP

Case Number C 06 1905 JSW
Defendants' Reply