IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JACOBSEN,

    Plaintiff,

  v.

MATTHEW KATZER and KAMIND ASSOCIATES, INC.,

    Defendants.

No. C 06-01905 JSW

**николаев NOTICE OF TENTATIVE RULING AND QUESTIONS RE MOTIONS FOR SUMMARY JUDGMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 4, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for summary judgment and **tentatively DENIES** Defendants' motion for summary judgment..

The parties shall each have 20 minutes to address the following questions:

1.  Is the question of originality of the copied work an issue of fact or an issue that can be resolved as a matter of law? Is there a dispute of fact regarding whether the selection and arrangement of data in the copied files is sufficiently original to be copyrightable?

2.  If the Court considers the expert reports submitted by Plaintiff, is there a dispute of fact regarding the damages allegedly sustained by Plaintiff? Regardless, does the Federal Circuit's holding in this matter, 535 F.3d 1373, 1378 (Fed. Cir. 2008), as well as the testimony of Penny and Jacobsen indicate that Plaintiff suffered damages, even in the absence of a specific monetary figure?

3.  Specifically where in the record is there a dispute of fact regarding whether the scope of QSI's permission was actually communicated to Plaintiff?

4.  Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 3, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE