# Exhibit A

## Settlement Agreement

<u>Recitals</u>

Plaintiff and Defendants are engaged in a dispute regarding intellectual property in the model train community.

Plaintiff and Defendants agree that settlement and general release of the claims and disputes between them is in the best interest of the parties and the model train community, and that entry of this Settlement Agreement without additional litigation is the most appropriate means of resolving their disputes;

NOW THEREFORE, upon consideration of the mutual promises contained herein, the parties agree as follows:

1. <u>Definitions</u>

    A. "Plaintiff" refers to Robert Jacobsen, his successors, agents, and assignees. For purposes of paragraph 2 only, the term also includes Plaintiff's attorneys, JMRI Developers, and JMRI End Users.

    B. "Defendants" refers to Defendants Matthew Katzer and Kamind Associates, and their successors, attorneys, agents, and assignees.

    C. "JMRI Material" refers to any expression made available to the public as part of the JMRI project. The term includes but is not limited to all or any part of any version of code (executable or not), data, text, images, comments on listservs or websites, scripts or other expression used with code, or other expressive content. The term also includes the functions, methods, algorithms, or techniques such expression implements, describes, or performs.

1

"JMRI Material" includes the selection or arrangement by JMRI Developers of data originating with third parties, but the term does not extend to such data in its original form. In particular the term does not extend to, without limitation, data originating with model railroad equipment manufacturers or with the National Model Railroad Association.

D. "JMRI Developer" refers to any person who fixes in a tangible medium of expression any form of JMRI Material.

E. "JMRI End User" refers to anyone who downloads, runs, or modifies JMRI Material for that person's own use and who does not distribute JMRI Material for profit.

2. Mutual General Release of Claims

Subject to the stipulated injunction provisions of paragraph 3 below and the payment obligations specified in paragraphs 4 and 6 below, Plaintiff and Defendants release and forever discharge each other from any and all manner of claims, demands, liabilities or causes of action, of any kind whatsoever, that exist as of the date this agreement is signed by the parties (the Effective Date of this agreement). With respect to claims by Defendants against Plaintiff, this general release extends as well to any and all claims that may arise against Plaintiff after the Effective Date but before the date the final payment specified in paragraph 6 is received by Plaintiff (the Final Payment Date). This general release does not extend to such claims that may arise after the Final Payment date. This general release extends to any and all claims based on or related to JMRI

2

Material; it includes, without limitation, any and all claims that were asserted or could have been asserted by either party in Jacobsen v. Katzer et al., No. C06-1905 (N.D. Cal.).

Each party will bear its own fees and costs with respect to all aspects of this litigation, and the parties release and discharge each other from any and all claims for such fees or costs.

These releases extend to all claims, demands, liabilities and causes of action that could have been asserted in this lawsuit, whether known or unknown. Each party acknowledges the protections afforded by California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Having read and understood this provision, each party waives the rights it provides. Each party acknowledges that after executing this agreement they or their attorneys may discover facts or claims additional to or different from those the party is aware of now. It is nevertheless the intention of each party fully, finally, and forever to settle all claims, demands, and causes of action between them, known or unknown, that could have been asserted by either party in this lawsuit.

These mutual releases do not extend to the obligations specified in paragraphs 3, 4, and 6 of this agreement.

### 3. Stipulated Permanent Injunction

Plaintiff and Defendants stipulate to entry of a permanent injunction containing the following terms:

3

  A. Defendants and any and all persons or entities acting at their direction or in concert with them, including, without limitation, their agents, employees, independent contractors, successors, or assignees, are permanently enjoined from: (1) Reproducing, by download or otherwise, JMRI Material, except that legal counsel representing Defendants may download such Material for purposes of such representation only; (2) modifying JMRI Material; or (3) distributing JMRI Material.

This injunction does not extend to reproduction, modification, or distribution of data that originates from sources other than JMRI Developers. This exception to the scope of the injunction extends to, without limitation, data originating with model railroad manufacturers or with the National Model Railroad Association.

  B. Defendants will not register as a trademark or domain name any mark used to designate the JMRI project or its work product, including, without limitation, "PanelPro," "DecoderPro," "SoundPro," "LocoTools," "JMRI demo," "SignalPro," "DispatcherPro," and "Logix." Defendants may, however, continue to use their "Computer Dispatcher Pro" mark, and this provision does not extend to such use.

  C. Upon entry of the injunction, the parties agree that the Court will enter an Order of Dismissal, dismissing all claims with prejudice and without fees or costs to any party.

  4. Stipulated judgment

Defendants agree to stipulate to judgment in favor of Plaintiff in the amount of $100,000 plus reasonable costs and attorney's fees incurred to enforce the judgment. Plaintiff agrees that this judgment shall not be entered unless Defendants (a) fail to make

4

any of the payments specified in paragraph 6 within the time specified for such payment and (b) do not cure such failure within seven days of the date the relevant payment is due.

5. Dismissal of pending appeal

Plaintiff and Defendants agree to dismiss the pending Federal Circuit appeal, Jacobsen v. Katzer et al., No. 2009-1221. Each party will bear its own fees and costs, and the parties will file a dismissal under Federal Rules of Appellate Procedure 42(b).

6. Payment by Defendants to Plaintiff

Defendants will pay Plaintiff $100,000 as follows: $20,000 no later than 30 days after the Effective Date; an additional $40,000 no later than 6 months after the Effective Date; and an additional $40,000 no later than 18 months after the Effective Date. Defendants may pay any of these sums at an earlier time than they are due. The date on which Defendants have paid the full $100,000 shall be the Final Payment Date.

7. Future dispute resolution

Any future dispute between Plaintiff and Defendants not released in paragraph 2 and not related to enforcement of the terms of this agreement shall be conducted as follows:

A. Neither Plaintiff nor Defendants shall initiate formal proceedings against each other, either in court, arbitration, or in a governmental forum, for 10 years from the Effective Date of this agreement. Each party agrees that any breach of this term would

5

create damages uncertain in total amount, and each party therefore stipulates to specific performance of this provision by means of a stay of any such proceedings.

    B.    The parties agree to a notice and opportunity to cure procedure for any claims one party might wish to assert against the other either before or after the 10-year period specified in paragraph 7(A). The procedure works as follows: (1) The complaining party first must notify counsel for the other party of the complaining party's complaint. To count as notice under this provision the notice must be specific enough to allow the non-complaining party to cure the complaint. (2) The notice may not be sent to anyone other than counsel for the non-complaining party. (3) The non-complaining party shall have 60 calendar days from receipt of such notice to cure any complaint. (4) No liability for any complaint shall accrue until expiration of this cure period, and each party waives any claims for liability prior to expiration of this cure period.

    C.    If a disagreement remains after the cure period expires, the parties agree to submit the disagreement to mediation before a mediator acceptable to the parties. The parties shall use their best efforts to agree on a mediator technically proficient in the subject matter of the dispute. If the parties cannot agree on a mediator, a mediator will be appointed in the following manner:

    1.    The parties will submit a request for mediation to the American Arbitration Association. Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties agree to try in good faith to agree on a mediator from the submitted list and to advise the AAA of their agreement;

2. If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable to that party. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve;

3. If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

D. If the disagreement remains after mediation, the parties agree to resolve any disputes between them through binding arbitration using the rules of the American Arbitration Association. The non-complaining party will choose the site of the arbitration. If both parties complain against each other, the arbitration will take place in Seattle, Washington. Although the rules of the AAA govern the arbitration, the parties may mutually agree to use a different arbitration service.

E. In any future dispute between them, the parties agree the prevailing party shall be entitled to recover costs and reasonable attorney's fees from the party who does not prevail. The parties agree to request the arbitrator of any dispute between them that reaches arbitration to declare one party or the other as the prevailing party.

8. This agreement represents the entire agreement between Plaintiff and Defendants and incorporates all prior agreements, oral or otherwise. In the event any portion of this agreement is found unenforceable, the remainder of the agreement shall remain valid and binding upon Plaintiff and Defendants.

9. This agreement shall be governed by and interpreted under the laws of the State of California, and any action to enforce any aspect of this agreement shall be brought in U.S. District Court in the Northern District of California. If either party is found to have breached this agreement, reasonable costs and attorneys fees shall be awarded to the prevailing party in any lawsuit brought to enforce any term or portion of this agreement, including fees in connection with any appeal.

10. Notifications and payment required by this agreement shall be made to:

For Plaintiff:

David McGowan at:

Warren Hall
5998 Alcala Park
San Diego, CA 92110
dmcgowan@durietangri.com

Victoria Hall at:

3 Bethesda Metro
Suite 700
Bethesda MD 20814
victoria@vkhall-law.com

For Defendants:

Scott Jerger at:

Field Jerger LLP
621 SW Morrison, Suite 1225
Portland, Oregon 97205
scott@fieldjerger.com

Dated: Feb 18, 2010
Signed: _____

Dated: Feb 16, 2010
Signed: _____

8